WILLIAM D. KELLOGG, administrator,

*v.*

JESSIE L. RANDOLPH et al.

[Decided May 1st, 1906.]

Three mortgages executed by the same mortgagor to the same mortgagee contained an identical description, by metes and bounds, describing the property as situated at the intersection of certain named avenues. The mortgages in fact were intended to cover the same property, but the one first executed mistakenly designated the township in which it lay, while the second named the township correctly, and the third erroneously stated that the property lay in a certain city.—*Held*, that the peculiar coincidence of the identity of the description by metes and bounds in all three mortgages being rationally explainable only on the theory of mistake in the location given, the mortgages were sufficient to put a subsequent mortgagee on inquiry and charge him with knowledge of the existence of all three mortgages.

On bill, &c.

*Mr. Jerome T. Congleton,* for the complainant.

*Mr. J. Fred. Wherry,* for the defendants.

STEVENS, V. C.

I think that the three mortgages made by Mrs. Randolph to Eugene E. Crane, trustee, dated, respectively, September 11th, 1897; July 20th, 1900, and April 22d, 1901, have priority over the mortgage given by Mrs. Randolph to Garret I. Miller, dated July 24th, 1901. They were all recorded in the order of their dates. The point made on behalf of Mr. Miller's estate is that it does not appear that he made any search; that, consequently, he is only affected with notice of the existence of the prior mortgages, so far as the registry shows that they covered the property mortgaged to himself, and that in the case of two of those mortgages the registry does not so show.

In all the mortgages, both those made to Crane and that made to Miller, we find identically the same description. It reads as follows:

"Beginning at the intersection of the west line of Watchung avenue and the north line of Ridge avenue, running thence northwesterly, along the north line of Ridge avenue one hundred feet; thence northeasterly, on a line parallel with the west line of Watchung avenue one hundred and twenty-five feet; thence southeasterly, to the west line of Watchung avenue one hundred feet; thence southwesterly, along the west line of Watchung avenue one hundred and twenty-five feet to the place of beginning."

In the first of the mortgages given to Crane the property is described as lying in the township of *East* Orange; in the second, as lying in the township of *West* Orange, where in fact it does lie; in the third, as lying in the city of Newark. These mistakes appear to have been due to the gross carelessness of the scrivener. In the Miller mortgage the property is correctly described as lying in the township of *West* Orange.

The law is that a purchaser will not be bound by the record of a conveyance which fails to disclose or specify the property granted. *Le Neve* v. *Le Neve, 2 L. C. Eq. (3d Am. ed.) 179.* The registry is itself notice of no other facts than those that appear on the record. *Plume* v. *Bone, 13 N. J. Law (1 Gr.) 63.* The constructive notice thus arising is equivalent, in law, to actual notice. *Jackson* v. *Turrell, 39 N. J. Law (10 Vr.) 331.* If there be any ambiguity on the face of the record it may be,

and ordinarily will be, sufficient to put purchasers upon inquiry. *Lee* v. *Woodworth,* ⅜ *N. J. Eq.* (*2 Gr.*) *36.* "As intending purchasers," said Justice Danforth, in *McPherson* v. *Rollins, 107 N. Y. 316,* "they must be presumed to investigate the title and to examine every deed or instrument forming a part of it, especially if recorded. They must therefore be deemed to have known every fact so disclosed and every other fact which an inquiry suggested by those records would have led up to."

Miller, of course, knew that the property was in West Orange, because it is so stated in his own mortgage. He also knew, constructively, beyond all controversy, that Mrs. Randolph had mortgaged it to Eugene E. Crane, for the record of the $1,000 mortgage so shows. In this mortgage the property is correctly stated to be in *West* Orange. He had also constructive notice of the fact that the same mortgagor had twice mortgaged to the same mortgagee a property described by metes and bounds which were identical with those contained in his own mortgage. In both of them the lot was described as beginning in the intersection of the west line of Watchung avenue and the north line of Ridge avenue, and the courses and distances were precisely the same. Now, it is possible that a person residing in Boonton (where, according to the mortgage, Miller lived) might have thought that there might have been in East Orange two intersecting streets by the name of Ridge *avenue* (not street) and Watchung avenue, and that on the identical northwest corner formed by the intersection of those streets Mrs. Randolph owned another lot of precisely similar dimensions. But it appears to me to transcend belief that anyone would have thought it likely that there were two streets of the same name in Newark also, whose general direction with respect to the points of the compass was the same, and which intersected each other in precisely the same way, and that Mrs. Randolph owned on the identical northwest corner of these streets a lot of precisely the same size, described by the surveyor, or whoever framed the description, in absolutely the same words. The idea suggested to any intelligent mind, professional or lay, would have been that here was a mistake; that it must have been intended to describe the same lot and that the towns were misnamed. It may be said that the record is only

notice of property in Miller's chain of title; that different towns being named, these two lots did not appear to be in that chain; and that, consequently, he had no constructive notice of *them,* but the answer is that the whole of the contents of these mortgages, if in fact in the chain of title, is presumed to have been within the consciousness of the mortgagee. *Westervelt* v. *Wyckoff, 32 N. J. Eq. (5 Stew.) 188; Wallace* v. *Silsby, 42 N. J. Law (13 Vr.) 1.* And this being so, the mortgages themselves contain, on their face, enough to show the error and to suggest the proper correction. At all events, they show enough to have put Miller upon inquiry, and slight inquiry would have shown the fact. "Whatever puts a party upon inquiry," says Chancellor Green, in *Smallwood* v. *Lewin, 15 N. J. Eq. (2 McCart.) 60,* "amounts in judgment of law to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, and could lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding."

For these reasons, I think complainants are entitled to the relief prayed.