*By the Court.*—Let the writ issue.

McABEE, Respondent, vs. GERARDEN and others, Appellants.

*May 11—June 22, 1925.*

*Deeds: Signature: Where placed on instrument: How made: By mark: By agent by mistake writing his own name: Validity.*

1. As a general rule, where a statute requires the signing of an instrument the signature need not be at the end thereof; but if the name of the party to be charged appears in any part and was placed there by the party himself or by his authority, and is applicable to the whole substance of the writing, it is sufficient, although when the statute requires "subscription" a different rule obtains. p. 402.

2. Where the grantor is present and authorizes another expressly or impliedly to sign his name to a deed, it is valid; and when the grantor holds the top of the pen while the name is being written by another, such action is sufficient evidence of his authority. p. 403.

3. At common law and under sub. (19), sec. 4971, Stats., the signature to a written instrument may be by mark; and irregularities in writing the signature, when made by mark or otherwise, do not necessarily vitiate a deed or will. p. 403.

4. Where the grantor was unable to sign a deed, and an agent, who was signing for her while she touched the pen, by mistake signed his own name instead of the name of the grantor in the place for the grantor's signature in the *testimonium* clause, the deed was valid under sec. 2203, Stats., in view of sub. (19), sec. 4971, permitting signatures to be made by mark, although not exactly complying with the form set out in sec. 2208. p. 404.

McAbee v. Gerarden, 187 Wis. 399.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Smith & Smith* of Merrill, attorneys, and *Martin, Martin, Martin, Clifford & McHale* of Green Bay, of counsel, and oral argument by *Gerald F. Clifford.*

For the respondent there was a brief by *Cady, Strehlow & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan.*

JONES, J. The plaintiff in this action and her sister, Mary E. McAbee, now deceased, were tenants in common of a forty-acre tract of land in Brown county, Wisconsin. The deceased sister was an invalid and was cared for by the plaintiff for a number of years prior to her death in November, 1914. It is undisputed that the deceased was desirous of compensating her sister for services rendered in taking care of her and that she intended to execute a deed conveying her interest in the common property to her sister. In pursuance of this purpose she asked her brother Henry to make the necessary arrangements, and he consulted Horace Smith, a lawyer, who gave him a quitclaim deed for the interest in question, filled out with the exception of the signatures of the grantor and the witnesses and the acknowledgment. This deed was taken to the home of the deceased, and one Clark, a justice of the peace, was asked to take the acknowledgment of the deed, which he did. However, the deed at present only bears the name of the deceased in the first clause describing the grantor and in the recital of the acknowledgment, and the lines in the *testimonium* clause intended for the signature of the grantor are filled with the signatures of Henry McAbee and Ann McAbee, while the lines intended for the witnesses are filled with "F. D. Clark, Justice of the Peace." This action is brought by the plaintiff to establish the execution of the deed, and, if this fails, to enforce the instrument as an executory agreement.

The deceased sister admittedly was unable to sign the deed herself, and the testimony of Henry McAbee is that he

was asked by his sister to sign for her, she touching the pen, and that he placed her signature in the recital of the acknowledgment by mistake; or if he is mistaken as to this, he inadvertently signed his own name when intending to sign his sister's name. The lawyer, Smith, swore that he filled in the recital of the acknowledgment and that the name of the deceased appearing therein is in his handwriting. Ann McAbee, the sister-in-law of the deceased, testified that she signed as a witness below the name of her brother-in-law, Henry; that she thought he signed above her as witness; that she did not hear her sister-in-law ask Henry to sign the deed for her. The justice of the peace, Clark, testified that he heard the deceased ask Henry McAbee to sign the instrument for her and saw Henry sign the deceased's name in the recital of the acknowledgment; that through his mistake the witnesses signed on the lines intended for the grantor. The court held that the signature in the acknowledgment was probably not made by Henry McAbee but by the lawyer, Smith, but that if Henry signed his own name intending to sign that of his sister, that was sufficient; that the deceased did think that her name had been affixed to the deed and that Henry did sign the deed with the intention of affixing his sister's signature to the deed, and that the deed as executed was a valid conveyance of the deceased's interest in the common property to the plaintiff in this action.

The instrument relied on by the plaintiff would have been a valid deed at common law. Lord COKE thus enumerated the ten essentials of a valid deed of conveyance: "first, writing; and printed words in a deed are a part of it, to the same effect as if written; second, parchment or paper; third, a person able to contract; fourth, a sufficient name; fifth, a person able to be contracted with; sixth, a sufficient name; seventh, a thing to be contracted for; eighth, apt words required by law; ninth, sealing; tenth, delivery." 3 Washburn, Real Prop. (6th ed.) p. 216. It will be observed that the signature of the grantor was not one of these essentials. But since writing has come into general use, the signature is generally regarded as necessary and is made so by statute in

most of the states.    The language of our statute is in part
as follows:

"Section 2203.    Conveyances of land or any estate or in-
terest therein may be made by deed signed and sealed by the
person from whom the estate or interest is intended to pass,
being of lawful age, or by his lawful agent or attorney, and
acknowledged or proved as directed in this chapter, without
any other act or ceremony whatever."

The departure from the former long and involved form
of deed is well illustrated by the short form set out in sec.
2208 of the Statutes.    But in this manner of conveyance the
name of the grantee and the signature of the grantor are
made essential.

The question here involved is whether there was such a
signature by the plaintiff as complies with the statutory re-
quirement.    It is plain that there was not a literal compli-
ance, since the name of the grantor does not appear in the
*testimonium* clause opposite the seal where the signature is
generally made.    Although she touched the pen held by
Henry McAbee supposing that she was properly signing the
deed, he wrote his own name instead of her name.    It is
argued by counsel for the plaintiff that the name of the
grantor appears in the acknowledgment; that it was written
by Henry McAbee at the deceased's request; that this was
therefore her signature and a compliance with the statute.
The statute does not require that the instrument must be
"subscribed" nor does it prescribe at what place in the deed
the signature must be made.    It is the rule generally adopted
that where a statute requires the signing of an instrument,
it is not necessary that the signature be at the end; but
that if the name of the party to be charged appears in any
part and was placed there by the party himself or by his
authority and is applicable to the whole substance of the
writing, it is sufficient. *James v. Patten,* 6 N. Y. 9, 12
L. R. A. 205; *Devereux v. McMahon,* 108 N. C. 134, 12
S. E. 902; 8 Ruling Case Law, 938.    According to these
authorities, when the statute requires that the instrument be
"subscribed" a different rule obtains.

There is this difficulty with the contention of the plaintiff's counsel that Mary McAbee's name in the acknowledgment was her signature and therefore sufficed. The trial court expressed the belief that the grantor's name in the acknowledgment was written by the attorney who prepared the deed, and we are convinced both by the testimony and the appearance of the handwriting that this was the fact. The instrument was sealed and delivered and had ample consideration. Beyond question it was the belief of the plaintiff and the grantor that a valid deed was being executed and that her name was being duly signed by her authorized agent in her presence. Should it be held that the ridiculous mistake of the agent in signing his own name instead of that of his principal was such a failure to comply with the statute as to defeat the undoubted intention of the parties?

It is well settled that where a grantor is present and authorizes another expressly or impliedly to sign his name to a deed, it is then the deed of the grantor, and when the grantor holds the top of the pen while his name is being written by another this is sufficient evidence of such authority. 1 Devlin, Real Estate, §§ 232, 236, and cases cited. At common law the signature might be by mark, and our statutes provide (sub. (19), sec. 4971), "In all cases where the written signature of any person is required by law, it shall always be the proper handwriting of such person, or in case he is unable to write, his proper mark or his name written by some person at his request and in his presence." See, also, 22 L. R. A. 370. There are numerous cases in which it has been held that irregularities in writing the signature of the grantor, when made by mark or otherwise, do not necessarily vitiate a deed or will. *Tustin v. Faught,* 23 Cal. 237; *Middleton v. Findla,* 25 Cal. 76; *Agurs v. Belcher,* 11 La. 378, 35 South. 607; *Bailey's Heir v. Bailey's Ex'r,* 35 Ala. 687; *Devereux v. McMahon,* 108 N. C. 134, 12 S. E. 902; *Timber v. Desparois,* 18 S. Dak. 587, 101 N. W. 878.

the body of the deed were dissimilar and in others entirely
   In some of these cases the signatures at the end and in

unlike. The cases proceed on the theory that if a person is designated by his proper name in the body of the deed and in the certificate of acknowledgment, the deed is not invalidated by the fact that by some mistake he signs it by the wrong name. 1 Devlin, Real Estate, §§ 237, 240. In case of such irregularities, it may of course be necessary to identify the grantor or grantee in case of variance in the names and to show the real intention of the parties. In a case which came to this court it was claimed that the deed was ineffective because the grantee designated in the deed was dead. In the decision it was said by Mr. Justice Dodge:

"If the grant, in the intention of the parties, is attempted to be made to some person who has no existence, it cannot take effect. *Neal v. Nelson*, 117 N. C. 393, 23 S. E. 428. Many technical rules, however, have yielded to more rational views in modern times. The real intention of the parties is to be sought and effectuated by courts when possible. If it was the intention both of grantor and grantee that the grant should be to some person or persons in existence, that intent may be effectuated by ascertaining under proper rules of evidence the intention of the parties, although such person be not designated by his legal or usual name. . . . Again it is recognized in a multitude of cases that if the court can find that a certain person was intended as grantee, it matters not what name is given him in the deed." *City Bank v. Plank*, 141 Wis. 653, 124 N. W. 1000.

If we were compelled to hold that the intentions of the parties were defeated by the mistake, it would work palpable injustice to the plaintiff. We do not so hold. When the grantor guided the pen of her agent supposing that he was signing her name and when the deed was duly sealed and acknowledged, it became her deed notwithstanding the mistake.

Other questions were discussed in the brief which it becomes unnecessary to decide.

*By the Court.*—Judgment affirmed.