82 N.J. Super. 378 (1964)
197 A.2d 704
MORRIS SCULT AND CHARLES BROMBERG, TRADING AS BROMOR ASSOCIATES, PLAINTIFFS-APPELLANTS,
v.
BERGEN VALLEY BUILDERS, INC., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 1963.
Decided January 9, 1964.
*379 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Allan S. Gutfleish argued the cause for appellants (Messrs. Weitz & Gutfleish, attorneys).
Mr. Raymond G. Betsch argued the cause for respondents, Walter T. Hertel, Doris Hertel, Benno Finkelstein and Selma Finkelstein.
The opinion of the court was delivered PER CURIAM.
This is an appeal from an order of the Superior Court, Chancery Division, concerning the distribution of funds paid into court following the sale of four parcels of land located in Bergen County pursuant to mortgage foreclosure proceedings of those parcels. The facts leading up to the foreclosure sale are detailed in an opinion by Judge Pashman in Scult v. Bergen Valley Builders, Inc., 76 N.J. Super. 124 (Ch. Div. 1962). As indicated fully in that opinion, plaintiffs' mortgage, by a mistake in drafting, covered only part of the properties in question. The Finkelsteins and Hertels, occupants of two of the parcels under a contract of purchase from later holders of the title, were held to be bona fide purchasers to the extent of a part of the payment made by the Finkelsteins and all of that made by the Hertels. Although the mortgage was reformed in favor of plaintiffs under the judgment of the court, this was made subject to priority claims of the Finkelsteins and the Hertels to the extent indicated.
Plaintiffs, who held a second mortgage on the premises in question and were the foreclosing mortgagees, do not attack *380 the validity of that decision, which included an order that the four lots be sold in a certain sequence and that certain priorities in the proceeds be awarded. Plaintiffs bought in at the foreclosure sale and the purchase money was paid into court. Plaintiffs then brought a motion to have the money distributed; included in that motion was a request that the Finkelsteins and the Hertels be required to deduct from their respective priorities a sum for the use and occupancy of the properties which they had occupied. The sums demanded were the equivalent of the carrying charges on these properties  the interest on the mortgage held by the first mortgagee and the real property taxes and hazard insurance costs.
Judge Pashman denied plaintiffs' motion, and the present appeal is solely from that action. He found that the relationship between plaintiffs and the Finkelsteins and Hertels was not that of landlord and tenant but merely that of mortgagee and holder of the equity subject to the mortgage, and since plaintiffs did not take possession or secure the appointment of a receiver prior to the foreclosure sale they had no right to recover sums for use and occupancy. This is in accordance with the law of New Jersey. Sums for "use and occupation" can be recovered only where a landlord-tenant relationship exists. Roselle Park B. & L. Assn. v. Friedlander, 116 N.J.L. 32, 33-34 (Sup. Ct. 1935). A mortgagee is not entitled to rents and profits until he takes possession of the property or has a receiver appointed to collect rents and apply them in payment of unpaid taxes or interest on the mortgage. Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86, 89-90 (E. & A. 1919).
Plaintiffs concede the correctness of these general rules but assert that they are inapplicable under the unusual circumstances which this case involved, see Scult v. Bergen Valley Builders, Inc., supra. The contention is that equity should require the Finkelsteins and Hertels to pay the carrying charges on their respective properties for the period during which they occupied those premises. They cite Wheaton v. Collins, 90 N.J.L. 29 (Sup. Ct.), affirmed 91 N.J.L. 236 *381 (E. & A. 1917), as support for the proposition that in an extraordinary case, and where justice and fairness require, the court will overlook technical relationships and award a sum for use and occupancy. Assuming arguendo that circumstances may arise where the payment of carrying charges would be found proper notwithstanding the fact that a mortgagee had failed to take possession of the premises or to secure the appointment of a receiver, the question is whether the facts now before us require payment by the defendants to the plaintiffs of these charges. We fail to see any compelling equities in favor of plaintiffs here. It was held in the Stewart case, supra, that the mere fact that "by reason of the neglect of the owner to pay interest, taxes and assessments, the security had become `uncertain or precarious,'" 91 N.J. Eq., at p. 91, did not constitute an extraordinary situation so as to take the case out of the general rule.
A foreclosing mortgagee must exercise his right in respect of his security by timely action. In a case such as the present one, a request for the appointment of a receiver to collect from the owners of these residential dwellings sums for use and occupancy would have been the proper action to take. Plaintiffs cannot now, after the properties in question have been sold, seek a retroactive award for these sums. It was at all times within their power to act so as to protect their rights in this regard and obviate the present difficulty. They chose not to do so. We therefore agree with the decision below that there is no basis in law or equity for the relief plaintiffs seek.
Affirmed.