**In re Daniel J. LaPALOMENTO and Barbara D. LaPalomento formerly t/a Memorial Bridge Exxon, Debtors.**

**John W. HARGRAVE, Trustee, Plaintiff,**

**v.**

**Daniel J. LaPALOMENTO and Barbara D. LaPalomento, his wife, The Penn's Grove National Bank & Trust Company; Peoples Bank of South Jersey; Beneficial Finance Company of New Jersey and United States of America, Defendants.**

**Bankruptcy No. 82–00672.**
**Adv. No. 82–0631.**

United States Bankruptcy Court, D. New Jersey.

April 19, 1983.

As Amended May 17, 1983.

John W. Hargrave, pro se.

Kaplus, Berger & Shauger by Allan S. Berger, East Orange, N.J., for Beneficial Finance Co.

Joseph DiNicola, Penns Grove, N.J., for Peoples Bank of South Jersey.

Robert L. Handros, U.S. Dept. of Justice, Washington, D.C., for the United States.

Masten & Ray by Donald L. Masten, Pennsville, N.J., for Penn's Grove Nat. Bank.

OPINION

On Complaint for Determination of Rights in Real Property.

WILLIAM LIPKIN, Bankruptcy Judge.

The debtors, Daniel J. and Barbara D. LaPalomento, filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on February 9, 1982. Thereafter, the trustee filed the present complaint to determine the extent and validity of liens in real estate, which was part of the debtor's estate.

The complaint recited that the debtors had executed the following mortgages:

a first mortgage to Penns Grove National Bank with the approximate remaining sum of $30,000.,

a second mortgage to Peoples Bank of South Jersey with a remaining balance of $41,000., and

a third mortgage to Beneficial Finance Company of New Jersey with a remaining balance of approximately $23,000.

There is no dispute as to the validity of the first mortgage to Penns Grove National Bank or the third mortgage to Beneficial Finance Company. The trustee and Beneficial Finance both contest the validity of the second mortgage to Peoples Bank, claiming that the description of the mortgaged property given on the mortgage document is legally insufficient, because it is indefinite and vague and does not provide adequate record notice of the property subject to the mortgage. If this argument is correct, the lien will inure to the benefit of the estate under Section 551 of the Code.

The mortgage to Peoples Bank contains the following description of the property:

... the mortgagors hereby mortgage to mortgagee premises known as Pennsville-Pedricktown Road Salem County Pennsville, NJ

The document does not contain a metes and bounds description, a tax lot and block number, a street address or a reference to the deed covering the premises. Although the mortgage description states that the property is located in Pennsville Township, New

Jersey, the parties agree that, in fact, the property is located in Pedricktown, Oldmans Township, Salem County, New Jersey.

Pennsville and Oldmans are distinct municipal entities, both of which are located in Salem County. The parties also agree that the location of Pennsville-Pedricktown Road is in Oldmans Township; there is no road by that name in Pennsville Township.

■ The trustee may avoid this mortgage on the real estate only if applicable state law would have allowed a bona fide purchaser of real property to avoid it, even though there has been no such purchaser of the property from the present debtors. 11 U.S.C. § 544(a)(3). This is one of the trustee's "strong arm" powers under the Bankruptcy Code. New Jersey law must be consulted to determine if a bona fide purchaser of this property could have purchased the debtors' property free from the mortgage of Peoples Bank.

■ Under N.J.S.A. 46:21–1, whenever a mortgage has been duly recorded with the *county* recording officer in which the real estate is *located,* all subsequent judgment creditors, purchasers and mortgagees have constructive notice of the recording of the mortgage *and its contents* for purposes of determining priority.[1] There is nothing in the statutes prescribing any certain type of description as sufficiently definite to provide notice of the property mortgaged, or subject to other transfers.

However, as a matter of common sense, recording a mortgage or deed would not be useful unless the instrument had a specific enough description to indicate what real estate was covered by the instrument. The following relevant analysis is given in 59 C.J.S., *Mortgages,* § 108:

> A mortgage, in order to be effective, must contain some description of the land

intended to be covered; it should contain a reasonably certain description of the premises intended to be covered by it, or the description of the premises should reasonably furnish the means of its identification. If the description is so indefinite or uncertain that the property cannot be identified, or if it calls for premises which have no existence or which cannot possibly be found, the mortgage will be invalid unless reformed.

> The office of the description, however, is not so much to identify the property conveyed as to furnish the means of its identification; and, although it is vague or indefinite, it will not render the mortgage inoperative, if it contains data from which a certain description can be made out, or, as discussed infra § 111, if by the aid of extraneous evidence it can be amplified and applied with certainty to its intended subject. Where a single tract is situated in two different municipal districts, it is not necessary to describe separately the parts lying in each of the districts.

(at 149–150; footnotes omitted)

This treatise also discusses the erroneous description of a town, 59 C.J.S., supra, at 151:

> Whether the civil district, town, county, state, or nation is requisite to the description of the property covered by a mortgage depends on whether one or all of them are essential to identify and distinguish the particular tract from other lands. It has been held that a mortgage which does not designate the state, county, or town in which the land lies is void. On the other hand, it has been held that omitting to name the state, county, or city, or naming the *wrong* county, will not invalidate the instrument where oth-

1. 46:21–1. Recorded deeds or instruments as notice to subsequent judgment creditors, purchasers and mortgagees

Except as otherwise provided herein, whenever any deed or instrument of the nature or description set forth in section 46:16–1 of this title, which shall have been or shall be duly acknowledged or proved and certified, shall have been or shall be duly recorded or lodged for record with the county recording officer of the county in which the real estate or other property affected thereby is situate or located such record shall, from that time, be notice to all subsequent judgment creditors, purchasers and mortgagees of the execution of the deed or instrument so recorded and of the contents thereof.

er adequate elements of identification exist. Thus, if the parties describe themselves in the mortgage as residing in a certain state or county, or if the fact of such residence appears from the certificate of acknowledgment or from other parts of the instrument, it will be presumed that the land lies in the state or county named, although it is not so stated in the description, and the omission will not invalidate the mortgage.

Several New Jersey cases provide guidance as to whether a mortgage is invalid when it designates a location in an incorrect municipality and there is no specific reference to a deed which might provide an accurate description.

 There is no requirement under New Jersey law that a description of property in a mortgage be in the form of metes and bounds; any description which identifies the property is adequate for purposes of providing constructive notice. *N.J. Bank v. Azco Realty Co., Inc.,* 148 N.J.Super. 159, 166, 372 A.2d 356 (App.Div.1977), cert. den. 74 N.J. 280, 377 A.2d 684 (1977). Nor is a purchaser limited solely to the description contained within the 4 corners of the mortgage instrument; instead, a purchaser who has constructive notice of the existence of a mortgage, may have a duty of inquiry to ascertain the true description of property and is, thus, chargeable with notice of such facts as might be ascertained by a reasonable inquiry, even though outside of the mortgage document. *Garden of Mem., Inc. v. Forest Lawn Mem. Pk. Assn.,* 109 N.J.Super. 523, 535, 264 A.2d 82 (App.Div.1970), cert. den. 56 N.J. 476, 267 A.2d 58 (1970); *Scult v. Bergen Valley Builders, Inc.,* 76 N.J.Super. 124, 135, 183 A.2d 865 (Ch.1962), aff'd 82 N.J.Super. 378, 197 A.2d 704 (App. Div.1963); see also, *Matter of Elin,* 20 B.R. 1012, 1019 (D.C.N.J.1982), aff'd 707 F.2d 1400 (3d Cir.1983).

The case *Garden of Memories, Inc. v. Forest Lawn,* supra, 109 N.J.Super. 523, 264 A.2d 82, concerned a common grantor's deed to a grantee, and a subsequent deed to plaintiff which referred to other deeds of parts of the original tract and reservations and exceptions from the property transferred to plaintiff. The court held that the reservations in plaintiff's deed placed it on constructive notice of the entire contents of the other deeds, which recited that the entire tract from the common grantor was the subject of an escrow deed, which had not been recorded, and that the property was secured by a mortgage, which had been recorded. The court held that the reference in the plaintiff's deed to exceptions in other deeds created a duty of inquiry as to what those exceptions comprised, even though not in the plaintiff's strict chain of title. 109 N.J.Super. at 534–535, 264 A.2d 82.

The court in *Roll v. Rea,* 50 N.J.L. 264, 268, 12 A. 905 (Sup.Ct.1888), similarly stated:

> (A purchaser) is undoubtedly chargeable with notice of every matter affecting the estate which appears on the face of any deed forming an essential link in the chain of instruments through which he derived his title, and also with notice of whatever matters he would have learned by any inquiry which the recitals in these instruments made it his duty to pursue.

The case of *Kellogg v. Randolph,* 71 N.J.Eq. 127, 63 A. 753 (Ch.1906), has facts which are very similar to those in the present case. In that case three mortgages were executed by the same mortgagor to the same mortgagee and contained identical metes and bounds descriptions covering property at the intersection of Watchung Avenue and Ridge Avenue. The property was situated in the Township of West Orange. However, the first mortgage described the property as located in the Township of East Orange; the second mortgage stated the property was situated in the Township of West Orange, and the third described the property as situated in the City of Newark. After these three mortgages were recorded, the mortgagor granted a fourth mortgage to a different party, who apparently did not have actual notice of the first three mortgages.

The fourth mortgagee claimed that he had priority over the other mortgages, because the erroneous description of the mu-

nicipality in which the property was located failed to provide constructive notice of the location of the property being mortgaged. The court held that the second mortgage was obviously valid, because it correctly stated that the property was located in West Orange; the fourth mortgagee knew the property was in West Orange, because his own mortgage so stated. As to the first and third mortgages, the court stated:

... The idea suggested to any intelligent mind, professional or lay, would have been that here was a mistake; that it must have been intended to describe the same lot and that the towns were misnamed. It may be said that the record is only notice of property in (the fourth mortgagee's) chain of title; that different towns being named, these two lots did not appear to be in that chain; and that, consequently, he had no constructive notice of them, but the answer is that the whole of the contents of these mortgages, if in fact in the chain of title, is presumed to have been within the consciousness of the mortgagee .... And this being so, the mortgages themselves contain, on their face, enough to show the error and to suggest the proper correction. At all events, they show enough to have put (the fourth mortgagee) upon inquiry, and slight inquiry would have shown the fact.

[71 N.J.Eq. at 129–130, 63 A. 753]

The description in the first and third mortgages in the above case were more specific than the mortgage at issue in the present case. All four mortgages in the above case appear to have contained the identical, detailed metes and bounds description. However, since there is no requirement in New Jersey law that there be any specific kind of description, the present case is not distinguishable on this ground.

In the present case, it appears that some duty of inquiry was also created. The contents of the mortgage indicate to anyone reading them that a mistake in drafting was made. Either the street location, i.e. Pennsville-Pedricktown Road, or the municipal designation of Pennsville, must be in-

correct. The notice given by this mortgage is that the debtors have mortgaged property which is either on Pennsville-Pedricktown Road in Oldmans Township or that the property is located on some other street, not apparent from the record, in Pennsville Township.

A reasonable inquiry made after reading this mortgage would reveal to any bona fide purchaser what property in Salem County was actually deeded to the debtors. The deed located at Book 563, Page 734 of the Deed Book of Salem County indicating a transfer of property to the debtors on July 15, 1974, clearly demonstrates that the property is located on Pennsville-Pedricktown Road in Oldmans Township. This deed is as much a part of the record, of which any bona fide purchaser or subsequent mortgagee would have notice, as any of the mortgages in this case. Further, inquiry of the mortgagee for land in *Salem County* would reveal the error of misdescription of the name of the township.

It is clear from the bankruptcy petition filed with this court that the debtors do not own any other real estate. Thus, there is no constructive notice that the debtors might have owned other property in Pennsville, Salem County or other property on Pennsville-Pedricktown Road in Oldmans Township. If the debtors had owned other property, pursuant to a deed which was recorded, the reasonableness of a bona fide purchaser's duty of inquiry might have been different. The presence of another recorded deed may have made it impossible, from pursuing the records, to determine which real estate was covered by the mortgage in question here. This court is not holding that an erroneous designation of a municipality will always provide a duty of further inquiry. Nor is this court holding that a prospective purchaser has a duty of inquiry which would go beyond searching the record, such as to drive out to look at the property to see where it is located. In this case the names of the mortgagor and mortgagee were correct and the name of the road upon which the property was located, which led from one town to another,

both in Salem County, would be easily identifiable thereby as to the township or municipality. The facts in this case were sufficient to require that a bona fide purchaser or subsequent prospective mortgagee was under a duty of inquiry whereby the actual location of the subject premises could be ascertained.

The duty of inquiry created by the mortgage given to Peoples Bank encompassed, at least, searching the record to discover if a more adequate description was provided in the deed to the property. There has been no rule of law provided to this court which would require the mortgage to be viewed in a vacuum when determining its validity. Thus, the mortgage of Peoples Bank provides sufficient record notice to withstand a challenge on the grounds of indefiniteness. The Peoples mortgage is valid even as against the trustee in bankruptcy, who stands in the shoes of a bona fide purchaser, and it has priority over the subsequently-recorded mortgage of Beneficial Finance for reasons stated above.

Beneficial Finance has suggested that this court take judicial notice of the fact that allegedly no reputable, licensed title insurance company in the State of New Jersey would insure the mortgage of Peoples Bank as a valid lien on the debtors' property. This court declines this suggestion. No evidence was presented at trial of this alleged "fact". It is simply not the type of fact which is generally known in this jurisdiction or capable of accurate and ready determination, as required by Federal Rule of Evidence 201, dealing with judicial notice.

Even if evidence of this "fact" had been presented, it is not clear that such information is relevant to the issue presented here. A title insurance company, like any attorney, cannot make a legally binding determination as to the validity of a lien; only a court can do that, if a question of validity arises.

An order shall be entered upholding the validity of the mortgage held by Peoples Bank for the sum remaining on the obligation.