SCHWARTZ, Chief Judge.
This appeal stems from an action in which the limited partners seek to invalidate a deed to limited partnership real property executed by one Melzer, as general partner, who failed to account for the proceeds. The trial court refused to set aside the deed; the limited partners appeal and we affirm.
The appellants’ primary contention is based upon the fact that Melzer executed the deed as an individual rather than on behalf of what was apparently the actual general partner, Asher Melzer Construction Corp., which he wholly owned and of which he was the president. Even assuming the disputed fact that the corporation was indeed the general partner (there was a mass of confusion in the various limited partnership documents concerning this question), the assertedly incorrect formal designation of the grantor as an individual rather than as president of the corporation was immaterial to the validity of the transfer. See In re Jalda, 38 B.R. 855 (Bankr.S.D.Fla.1984); In re Jam Fine Furniture, Inc., 19 B.R. 578 (Bankr.S.D.Fla.1982). In more formal terms, the designation of Melzer’s capacity involved either a correctable scrivener’s error, Steffens v. Steffens, 422 So.2d 963 (Fla. 4th DCA 1982); Scult v. Bergen Valley Builders, Inc., 76 N.J.Super. 124, 183 A.2d 865 (Ch.Div.1962), aff’d, 82 N.J.Super. 378, 197 A.2d 704 (App.Div.1964), a mutual mistake shared by Melzer and the appellee grantee as to the identity of the general partner, In re Jalda, 38 B.R. at 855; Shaffer v. Dalrymple, 507 S.W.2d 65 (Mo.App.1974); McAbee v. Gerarden, 187 Wis. 399, 204 N.W. 484 (1925), or both.
The appellants’ alternative claim that the transfer was inconsistent with the stated purposes of the limited partnership is wholly without merit. It is well settled that a corporation may not assert what amounts to a claim of ultra vires in order to invalidate an otherwise permissible corporate action. § 607.021, Fla.Stat. (1987); 8 Fla.Jur.2d Business Relationships § 236 (1978). The same rule, we hold, is applicable to limited partnerships. See Wulsin v. Palmetto Fed. Sav. & Loan Ass’n, 507 So.2d 1149 (Fla.3d DCA 1987) (rule permitting derivative action as to corporation applied to limited partnership); cf. Owens v. Palos Verdes Monaco, 142 Cal.App.3d 855, 191 Cal.Rptr. 381 (1983).[1]
Affirmed.

. Our holding makes it unnecessary to discuss the other grounds relied on by the lower court and the appellee to support the deed.