Mitcham *v.* Temple.

4-8927                                            223 S. W. 2d 817

Opinion delivered October 24, 1949.

*Walter L. Brown,* for appellant.

*Shackleford & Shackleford,* for appellee.

Griffin Smith, Chief Justice. The litigation presents a question of fact: Whether property to which the appellant had a record title had been appropriated by appellees and held long enough to sustain the plea of adverse possession.

Highway No. 82 in Union County extends east and west where the northeast corner of Section 31 and the northwest corner of Section 32 are common—just beyond the El Dorado city limits toward Magnolia. South of the highway in Section 32 a strip of land 30 feet wide and 210 feet long was retained by Mitcham when he sold lots east of it in 1937.

February 18, 1937, Carl and Rachael Lawrence executed to Joe and Agnes Temple their deed to a lot described by measurements, the east side being 208.71 feet along the line of Section 31. Under this deed all of the Temple property was west of Section 32. These proprietors went into possession February 24, 1937.

In 1945 Mitcham, by letter of August 27th, complained that a hedge and fence maintained by the Temples were east of the true boundary. The original suit in ejectment was transferred to equity, where the Chancellor found that the area in controversy was so situated in 1937 when the Temples entered under the Lawrence deed that, in the light of subsequent conduct, hostile possession of a full-length strip 14 feet wide on the south end and 17.30 at the north had ripened into title.

As a predicate for his decree the Chancellor made written findings in the form of an opinion. He mentioned appellant's testimony that as early as 1944 complaint was made to Joe Temple. The Chancellor personally inspected the property, took note of the condition of hedge and fence, and used this information (presumptively procured by consent of the parties) as aid to a better understanding of what the witnesses had testified to. This, of course, was permissible when so limited. From all of the facts, and the physical conditions observed,—such, for instance, as the size of the hedge as indicative of age, and its alignment with the partial fence farther south—it was determined that the questioned possession had been adverse for more than seven years before 1944.

We are unable to say that these findings are not supported by a preponderance of the evidence; hence the decree must be affirmed.