JONES *v.* DIERKS FORESTS, INC.

5-3330                                                          383 S. W. 2d 110

Opinion delivered October 26, 1964.

*James H. Pilkinton,* for appellant.

*Watson, Ess, Marshall & Enggas,* Kansas City, Mo., *George E. Steel, Elbert Cook,* for appellee.

PAUL WARD, Associate Justice. Appellant very briefly, conveniently and appropriately states the prime issue in this case:

"Appellee holds 'paper' title to the 33.12 acres in dispute. Appellant claims the land by adverse possession contending that he has been in possession of, claimed and exercised ownership of said property against the world, and especially Appellee and its predecessor in interest, Dierks Lumber and Coal Co., Inc., for more than seven years prior to filing of suit. The issue involved is whether Appellant's possession has been of such a nature, and for the required time, as to ripen into title by adverse possession."

Appellant, Norman Jones, filed a complaint in chancery stating in substance: he is the owner by adverse possession of four separate tracts of land, each described by metes and bounds as shown on a plat, totaling 33.12 acres; appellee, Dierks Forests, Inc., has some claim to the land—the nature of which is unknown—and is trespassing on said land; appellant (and those under whom he claims) has been in adverse possession of the lands for more than 7 years; that an "ancient" fence has been the agreed boundary line between the parties for many years. Appellee's answer was a general denial. In addition, appellee pleaded a deed to the lands, adverse possession, payment of taxes and also alleged the lands were unimproved. The chancellor held against appellant, and this appeal follows.

*One.* It is first insisted that the decree should be reversed because the chancellor relied solely on "his own personal inspection of the property". For reasons presently set forth, we are unable to agree with appellant. While it is true the chancellor did view the land, it is not shown that he relied solely on what he saw; and, also, the record contains ample testimony upon which he may

have relied. In some instances and under some circumstances it is permissible for the trial judge to make a personal inspection. The rule is concisely stated in 89 C.J.S. *Trial* § 588b as follows:

"A view or inspection is permissible for the purpose of enabling the court to understand the evidence and properly to apply it, but the authorities are in conflict as to whether or not the facts ascertained on the view can be considered as evidence or have the effect of supplying evidence."

In the case of *Mitcham* v. *Temple,* 215 Ark. 850, 223 S. W. 2d 817, we said:

"The Chancellor personally inspected the property, took note of the condition of hedge and fence, and used this information (presumptively procured by consent of the parties) as aid to a better understanding of what the witnesses had testified to. This, of course, was permissible when so limited."

In addition to the above, the record shows that appellant consented to and accompanied the chancellor on the inspection. We have held that a party cannot complain of error which he himself has invited. See *Missouri Pac. R. Co.* v. *Gilbert,* 206 Ark. 683, 178 S. W. 2d 73.

*Two.* Appellant next contends the decree should be reversed "because chancellor held that plaintiff (appellant) must prove his adverse possession extended 'a considerable period' beyond seven years". From our review of the record we do not understand the chancellor imposed any such burden on appellant and appellant's brief does not make it clear he did so. On the other hand, the court, in its Memorandum Opinion, stated that "Adverse possession may not ripen into ownership unless possession for seven years has been actual, open, etc. . . ."

*Three.* Finally, it is ably urged by appellant that the court's finding is against the weight of the evidence. It is admitted by appellant he has the burden of proving adverse possession. We conclude the trial court's decision was not against the weight or preponderance of

the evidence. It is not disputed that appellee had record title to the land in controversy, or that it has paid taxes thereon for more than twenty years. Appellant's principal reliance is on the fact that he had the lands enclosed (with other lands owned by him) by a fence for more than seven years, during which time he grazed cattle on the lands. The record, however, shows conclusively that the said fence (during a great portion of the time) had such large gaps in it that it would not contain cattle. Such being the case, the chancellor was justified in finding appellant's possession was insufficient to "fly the flag" as required by our decisions in *Dowdle* v. *Wheeler,* 76 Ark. 529, 89 S. W. 1002, and *Dierks Lumber & Coal Co.* v. *Carroll,* 223 Ark. 424, 266 S. W. 2d 294.

Affirmed.