CLAY *v.* DODD.

5-3349                                   383 S. W. 2d 504

Opinion delivered November 9, 1964.

*William M. Stocks, Bethell & Pearce,* for appellant.

*Wayland A. Parker,* for appellee.

PAUL WARD, Associate Justice. This is a dispute over a common boundary line between property owned by the parties. Appellees' land lies in the northwest quarter of Section 4, Township 6 North, Range 31 West. Appellant's land adjoins on the west and is located in the northeast quarter of Section 5, same township and range. Appellant says the common boundary line is one-half mile long. It is conceded by appellant that "the fence line enclosing the described lands and separating the same from adjoining land was established more than fifty years ago."

When appellant moved a portion of the fence 20 feet to the east, appellees filed this suit to restrain him from further trespassing and from interfering with the quiet enjoyment of their lands. Appellees claimed adverse possession by them and their predecessors in title for more than 50 years and also claimed that the fence dividing their property from appellant's property had been mutually accepted for said period of time. In his

answer appellant "admits that plaintiffs acquired said property by purchase about 14 years ago and took immediate possession of same", but denies "that there has been a mutual agreement by the parties respecting the boundary line within the past 14 years . . ."

At the close of a lengthy hearing the trial court found that no question of adverse possession was involved, but that the decisive question was "whether the fence, which by the undisputed evidence, has been in existence for the past fifty years, has been acquiesced in by the respective owners and their predecessors in title." The trial court resolved this question in favor of appellees and quieted appellees' title to the land bounded by the west fence line as established by the evidence, and enjoined appellant from asserting any claim to the disputed strip of land.

After a careful study of the record and the several contentions of the parties we are unable to say the trial court's finding is against the weight of the evidence. This appears to us to be a case wherein we must rely strongly on the frequently stated rule that the trial judge, who sees and observes the witnesses, is in a better position than we are to adjudge the credibility of the witnesses and the weight of their testimony. This is true because much of the testimony refers to certain locations on the ground which are not identifiable on the exhibits, thereby rendering the testimony meaningless.

Although it is contended by appellant that many years ago there were two fences (between which ran a road) it is not clear to us at what period the east fence ceased to exist. There is, however, testimony that there was never more than one fence. It appears undisputed that when appellees bought their property 14 years ago there was only one fence which was the west boundary line of their property. Consequently, we think the trial court was justified in finding that the old fence line became the boundary line by acquiescence of the parties and their predecessors in title. It is not seriously contended by anyone that there was ever any misunder-

standing about or trouble over the fence line for over 50 years. In such situation the applicable rule was clearly stated by this Court in *Gregory* v. *Jones,* 212 Ark. 443, 206 S. W. 2d 18:

"It is true that in this case the original rail fence line was established without a prior dispute as to boundary; but the recognition of that line for the many intervening years (34 in this case) shows a quietude and acquiescence for so many years that the law will presume an agreement concerning the boundary."
See *Tull* v. *Ashcraft,* 231 Ark. 928, 333 S. W. 2d 490.

We do not agree with appellant that the trial judge committed reversible error in viewing part of the old fence line. The court was confronted with conflicting testimony about whether there has been one or two fences in existence for some 50 years. Under the circumstances it appears the trial judge was merely seeking to evaluate the conflicting testimony. This he had a right to do, under our decision in the case of *Mitcham* v. *Temple,* 215 Ark. 850, 223 S. W. 2d 817. Also, it appears that appellant expressed no objection to the court's action although he had an opportunity to do so before the rendition of the decree.

Likewise, we find no error in the court's allowing appellees to introduce into evidence their Exhibit "C" which is a map of their lands made by the Soil Conservation Service in the regular course of business in that county. The purpose of the map's introduction, as stated at the time, was to depict the west line of appellees' property as described in the complaint. We are unable to see, and appellant has not pointed out, how he has been prejudiced by the introduction of the map. Also, the map was admissible under our decision in *Graves* v. *Wimpy,* 237 Ark. 368, 372 S. W. 2d 812.

Affirmed.