CONTINENTAL SOUTHERN LINES, Inc. *v.*
Grace GOODSELL

5-5050                                    446 S. W. 2d 668

Opinion delivered November 10, 1969

*Warren & Bullion,* for appellant.

*Terral, Rawlings, Matthews & Purtle,* for appellee.

Conley Byrd, Justice. Appellee Grace Goodsell brought this action against appellant Continental Southern Lines, Inc., alleging that she was injured on the appellant's bus in Jackson, Mississippi. She alleges that her injuries were proximately caused by the negligence of appellant in failing to supervise the unloading of the

bus, in failing to help plaintiff unload her baggage, and in failing to exercise ordinary care under the existing circumstances. The trial court found that the bus drivers' failure to help plaintiff disembark was negligence which was the proximate cause of her injuries, that the passengers were unruly in disembarking and that the failure of the driver to take any action was negligence which too was a proximate cause of appellee's injuries. From a judgment for $2,750.00 the bus company appeals contending among other things that there is no evidence to sustain the trial court's findings.

The record shows that Mrs. Goodsell was 68 years of age and weighed about 195 pounds. In the fall of the year before the accident on October 20, 1967, Mrs. Goodsell had earned $150.00 picking cotton. She testified that she pulled up to 400 pounds a day. She purchased her ticket from the bus company in Conway for a trip to Panama City and return. That on her way back from Panama City, when the bus reached Jackson, Mississippi, the passengers were informed that they would have to change buses. She was sitting on the left hand side in the second seat back of the driver. Her testimony is that the passengers all rushed to get off. The bus driver was standing outside the door in a position to help folks disembark. She had testified that the aisle of the bus was lower than that portion where the passengers sit. After she thought all the passengers had gone, she got up, reached above her head to the rack where she had a brown bag and that as she was turning to step down, to the aisle, she was bumped by one of the passengers to such an extent that it caused her to fall. The only description in the record with reference to the package is Mrs. Goodsell's description—*i. e.,* "I just had a light package to carry." Other testimony of Mrs. Goodsell shows that she was helped on the bus by the bus driver when she boarded in Panama City and again at Mobile.

The general rule is that a carrier will not be held liable for injuries to passengers caused by the negligent

or meddlesome conduct of other passengers, unless the carrier has notice of such conduct and reason to anticipate that injury may result therefrom. See *Chicago Rock Island and Pacific Railway Company* v. *Brown,* 111 Ark. 288, 163 S. W. 525 (1914) and annotation, 140 A. L. R. 1194. Under the foregoing rule there is no evidence to sustain the findings of the trial court for there is obviously no testimony to show that the carrier had notice of such conduct or reason to anticipate that one passenger would bump against another so severely as to cause the injuries here involved.

Appellee, to support the finding of the trial court, relies upon *Payne* v. *Thurston,* 148 Ark. 456, 230 S. W. 561 (1921). There the gravamen of the carrier's negligence was in starting the train before the passenger had time to disembark. Here the testimony shows without contradiction that the bus was stopped and that the bus driver was standing in a position to assist the passengers in disembarking. Furthermore, the gravamen of the offense here is the negligent or meddlesome conduct of another passenger without which no injury would have occurred.

Reversed and dismissed.