RUSSELL CLARK *v.* MARVIN MATHIS

5-6063                                                    486 S.W. 2d 77

Opinion delivered November 6, 1972

*Clark, Clark & Clark,* for appellant.

*Hartje & Hartje,* for appellee.

FRANK HOLT, Justice. The appellant brought this action to enjoin the appellee from obstructing a roadway easement which appellant had purchased from the record owner. Appellant, also, claimed an easement by virtue of an existing road. The appellee responded that he owns, by adverse possession, the lands across which appellant claims the easement. The chancellor resolved the issue in appellee's favor and cancelled appellant's asserted easement across the lands. On appeal appellant contends the chancellor "erred in his finding."

In 1969 appellant purchased the NW¼ and leased the disputed portion of the SE¼ of a 160 acre tract of land. Appellee has owned the other two 40's, the NE¼ and the SW¼ of the same 160 acre tract, since 1956. He acquired these two 40 acre tracts from his brother who had owned them since 1943. The land in dispute is triangular in shape, consisting of 1½ acres, which is formed by

a rural road bisecting the northwest corner of the SE 40 acres. The 1½ acre strip lies north of the rural road. The strip, also, adjoins appellee's 40 acres on the west and his 40 acres on the north. It "corners" appellant's 40 acres.

When appellant purchased his NW 40 acres in 1969, the appellee permitted him to cross appellee's adjoining NE 40 for access to the rural road which traverses both of appellee's tracts. For a more direct access to the road, appellant purchased an easement in 1971 across the triangular strip from the record owner. The appellee refused to recognize the asserted ownership and prevented appellant's using the purchased easement.

Appellant testified that when he acquired his adjoining property in 1969 there were no visible acts of adverse possession of the triangular strip by appellee. He adduced evidence from other witnesses in the vicinity that they had not observed appellee exercising any dominion or control over the property; also, that it was not sufficiently enclosed and utilized with appellee's two 40 acre tracts to constitute adverse possession. One witness did observe appellee growing some hay. Since 1956 it is undisputed that taxes on the 1½ acres were paid by the record owner from whom appellant purchased his easement.

Appellee and his predecessor in title, his brother, testified that they had exercised acts of hostile dominion over the disputed strip beginning in 1943 when appellee's brother purchased the two adjacent 40 acre tracts. As indicated, appellee purchased the tract from his brother in 1956. Each believed that their deeds included the 1½ acres and occupied it with that belief as owners. During this time, the triangular strip was substantially enclosed with appellee's property by fences which he and his brother repaired and maintained during their individual occupancy. The 1½ acres were utilized during this time for pasturing, row cropping, and growing hay and were considered an integral part of the farming operation on appellee's two 40 acre tracts which "corner-

ed" each other. This disputed strip was, also, used as a passageway between these two 40's. During the hay season a cross fence on the north boundary of the 1½ acres contained appellee's cattle. Appellee adduced evidence from local witnesses to corroborate his claim of adverse possession. The evidence was in conflict that a passageway or road had existed across the triangular strip directly to the rural road.

The chancellor, without objection, viewed the disputed premises in order to assist him in resolving the conflicting versions. *Taliaferro* v. *Gamble,* 228 Ark. 460, 307 S. W. 2d 884 (1957), *Clay* v. *Dodd,* 238 Ark. 604, 383 S. W. 2d 504 (1964).

When the evidence is conflicting or evenly poised, or nearly so, the judgment of the chancellor on the question of where the preponderance of the evidence lies is considered as persuasive. *Munn* v. *Rateliff,* 247 Ark. 609, 446 S. W. 2d 668 (1969). In the case at bar, after a review of the testimony and exhibits, we cannot say the chancellor's finding that the appellee owns the property by adverse possession is against the preponderance of the evidence.

Affirmed.