## Bennie DANIELS *v.* John CRAVENS

88-246                                    761 S.W.2d 942

### Supreme Court of Arkansas
### Opinion delivered December 19, 1988

*Wilson, Bell & Neal Law Office*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

TOM GLAZE, Justice. The appellant, Bennie Daniels, brought this negligence and personal injury action against appellee, John Cravens, as a result of a collision between the vehicles each was driving on a highway about six miles outside St. Charles, Arkansas. Daniels was employed by Helena Contracting Co. at the time of the collision, and that company's workers' compensation carrier, Liberty Mutual Insurance Company, paid substantial benefits to Daniels for the injuries he sustained as a result of the collision with Cravens. Citing Ark. Code Ann. § 11-9-410 (1987), Liberty Mutual asserted its right to intervene in Daniels's tort action against Cravens. Daniels responded acknowledging Liberty Mutual's entitlement to intervene and stated that he had no objection to the intervention. Cravens also did not interpose an objection to Liberty Mutual's intervention, but he did contend Liberty Mutual should be

limited in its participation at trial. In sum, Cravens objected to Liberty Mutual's attorney, by argument or examination of witnesses, duplicating or "shoring up" the case presented by Daniels and his attorney. The trial judge disagreed with Cravens's position, and concluded that, because there were three distinct parties, each could participate fully.

After the trial court's ruling, the parties' case proceeded to trial and the jury rendered its verdict apportioning the responsibility for the occurrence between Daniels and Cravens at fifty percent each. Accordingly, the trial judge ordered that Daniels and Liberty Mutual take nothing and that their respective complaints be dismissed with prejudice. Daniels, alone, appeals from the judgment, and having employed new counsel, argues that the trial judge erred in allowing Liberty Mutual to participate in the trial below and in permitting references to the compensation benefits paid Daniels.

In affirming this cause, we need only point out that Daniels, in his response below, conceded Liberty Mutual's right to intervene in the case, and thereupon heavily relied on the testimony of expert witnesses provided by Liberty Mutual. In fact, the only medical doctor testimony produced at trial regarding Daniels's injury was that of Dr. Samuel Hunter which was introduced via deposition by Liberty Mutual. Liberty Mutual also called a clinical psychologist to testify regarding Daniels's employment disability.

Daniels's strategy from the outset of this case was to work in tandem with Liberty Mutual. Now, because Daniels is unsatisfied with the outcome of the trial, he attempts to reverse the case relying on Cravens's objection at trial that Liberty Mutual's participation should have been limited.[1] Again, Daniels never objected to Liberty Mutual's participation in the trial or to any references made at trial to the workers' compensation benefits

---

[1] Daniels cites *State* v. *Ellison*, 287 Mo. 139, 229 S.W. 1059 (1921), for the proposition that Cravens's objection should inure to Daniels's benefit. That holding, however, merely provides that, when one of several codefendants makes an objection, it is unnecessary for another to repeat the objection to put himself in a position to base an assignment of error on it on appeal. Here, Daniels, a plaintiff, seeks to benefit from an objection lodged by a defendant, Cravens.

paid to Daniels.

■ It is well settled in Arkansas that, under the doctrine of invited error, an appellant may not complain on appeal of an erroneous action of a trial court if he had induced or acquiesced in that action. *Jones* v. *Dierks Forests, Inc.*, 238 Ark. 551, 383 S.W.2d 110 (1944); *Missouri Pacific Railroad Co.* v. *Gilbert*, 206 Ark. 683, 178 S.W.2d 73 (1944); *Briscoe v. Shoppers News, Inc.*, 10 Ark. App. 395, 664 S.W.2d 886 (1984); *J. I. Case Co.* v. *Seabaugh*, 10 Ark. App. 186, 662 S.W.2d 193 (1983). In addition, this court has long held that it will not review an alleged erroneous ruling or order unless a party makes known to the trial court the action which he desires the court to take or his objection to the action of the court and his grounds therefor. *Turkey Express* v. *Skelton Motor Co.*, 246 Ark. 739, 439 S.W.2d 923 (1969); *see also* ARCP Rule 46.

As we have already noted, Daniels not only failed to object to Liberty Mutual's intervention and participation in the trial of this case, but he also actively worked with Liberty Mutual in presenting his case against Cravens to the jury. Under these circumstances, Daniels cannot now complain of Liberty Mutual's sharing in the presentment of his case and the concomitant references concerning the compensation benefits paid Daniels by Liberty Mutual. Therefore, we affirm.