Cecil POTTER, Ruth Potter, Roberta Stephens, Bob Downing and Dorothy Downing *v.* BRYAN FUNERAL HOME

91-86                                        817 S.W.2d 882

Supreme Court of Arkansas
Opinion delivered November 4, 1991

*Wilson & Castleman*, by: *Richard L. Castleman*, for appellants.

*Bill W. Bristow, P.A.*, for appellee.

TOM GLAZE, Justice. Appellants appeal the Lawrence County Chancery Court's dismissal of their request to enjoin as a nuisance the appellee's placement of a funeral home in appellant's neighborhood. They argue the chancellor was clearly erroneous in finding that the funeral home was not a nuisance. Also, the appellants contend the chancellor erred in inspecting or viewing the proposed site and other property without first obtaining the consent of the parties.

The facts are largely undisputed. Appellee planned to convert a two-story house into a funeral home to be located on the southwest corner of the intersection at U.S. Highways 62/63 and State Highway 115 in the town of Imboden. Many of the appellants' houses are situated across from the proposed site and along the north side of Highway 62/63. Other residences are located on the south side of 62/63 and are both east and west of appellee's proposed funeral home. Four or five commercial businesses are nestled in this same area. A used car lot owned by the town's mayor is situated on the northwest corner of the same block where the appellee proposes to establish its business. A repair shop is directly behind the car lot. A car wash and a

convenience store are located on the north side of Highway 62/63 within two blocks east of the funeral home site. And finally, a beauty shop is located approximately two blocks from appellee's site and about one block south of the corner where the car lot is located. In addition to these businesses, a home for the elderly and a federal housing project are approximately within the general two-block area of the proposed site.

At trial, appellants presented testimony that a funeral home would lower their property values and would also interfere with the peaceful enjoyment of their homes because the business would be a constant reminder of death and dead bodies. Appellee offered evidence that classified the area as being mixed residential and commercial. Appellee argued that the appellants would not be any more adversely affected by the placement of a funeral home in the neighborhood than they already had been by having the other businesses already located in the area. Based on the foregoing evidence, the chancellor held that the establishment of a funeral home on the proposed site would not be a nuisance.

■ This court has established the following general principles with regard to preventing establishment of funeral homes:

> A funeral home is not a nuisance per se. The intrusion of a funeral home into an exclusively residential district would constitute a nuisance. It may be a nuisance in an area essentially residential in character. If, however, transition of the district from residential to business has so far progressed that the value of the surrounding property would be enhanced as business property, rather than depreciated as residential property, the establishment of a funeral home would not constitute a nuisance.

*Mitchell Funeral Home* v. *Bearden*, 255 Ark. 888, 503 S.W.2d 904 (1974); *see also Miller-Elston Mortuary* v. *Paal*, 261 Ark. 644, 550 S.W.2d 771 (1977); *Blair* v. *Yancy*, 229 Ark. 745, 318 S.W.2d 589 (1958); *Powell* v. *Taylor*, 222 Ark. 896, 263 S.W.2d 906 (1954).

While appellants take issue with the chancellor's finding that the two-block area surrounding the proposed site is mixed residential and commercial, we conclude the evidence clearly supports such a finding. In fact, appellants concede that some of

the businesses located in the area actually became operational after appellants' houses had been built. Appellants point to language in the *Bearden* case when arguing that the law does not require the area surrounding a proposed funeral home site to be "exclusively" residential before a funeral home can be enjoined as a nuisance. Instead, appellants claim that they may be entitled to injunctive relief when the area is "predominately" residential. While the court in *Bearden* indicated considerable weight is given to the predominance of either commercial or residential property in the area, the court in no way broadened or enlarged the rules that the intrusion of a funeral home into an "exclusively" residential district would ordinarily constitute a nuisance or may constitute a nuisance in an area "essentially" residential in character. As we review the evidence, we believe it both supports the views that the area involved here is mixed residential and commercial and that it has slowly changed its character to include additional business ventures.

Appellants emphasize that all of the value evidence presented at trial reflected that their homes' residential values would be lowered if a funeral home business was located in the neighborhood. Appellee responds, pointing out that it is reasonable to expect residential values to be lowered whenever any commercial establishment moved into a residential area. As pointed out earlier, commercial establishments here were located in the appellants' neighborhood years before appellee advanced its plans to build a funeral home in this same area. Whether or not these businesses have enhanced appellants' properties for commercial purposes is unclear because neither appellants nor the appellee offered value testimony on this issue.

In summation, it is clear that the neighborhood here is not exclusively residential, and appellants clearly are not entitled to enjoin the appellee's funeral home business on that basis. Nor can we conclude from the evidence that the area is essentially residential. Instead, we believe the chancellor's characterization of the area as mixed residential and commercial is thoroughly supported by the evidence. Thus, based upon the law and the evidence presented, the chancellor was not required to determine that appellee's funeral business would constitute a nuisance. At the very least, we are unable to say the chancellor was clearly wrong when he refused to find a nuisance would result from the

establishment of appellee's funeral home.

■ In their second point for reversal, they argue the chancellor erred in making an unannounced view of the area in question and other properties along Highway 62/63 as it traverses through the entire town of Imboden. Sometime after trial, the chancellor apparently counted the businesses and residences along the highway and mentioned those numbers in his findings. Appellants challenge those numbers as being incorrect and also argue those businesses and residences are not material or relevant to the nuisance issue concerning the two-block area involved in this case. *See Powell v. Taylor*, 222 Ark. 896, 263 S.W.2d 906 (1954) (where the court limited its characterization of "essentially residential" to a sixteen-block area in Gurdon, Arkansas, stating that, in a relatively small city, an area of this size may well be treated as a district in itself, else there might be no residential districts in the whole community.) Although appellants may be correct on both points, those errors are harmless and do not require the reversal of the chancellor's finding that appellee's funeral home is no nuisance.

■■ While personal inspections of property are permissible and proper as an aid to a better understanding by the chancellor of what witnesses had testified to, such views are limited to that purpose and a judge's personal observations on the site are not considered evidence of facts. *Mitcham v. Temple*, 215 Ark. 850, 223 S.W.2d 817 (1949); *Clark v. Clark*, 4 Ark. App. 153, 632 S.W.2d 432 (1982). In the present case, the chancellor not only viewed the two-block area involved in the dispute between appellants and appellee, but also he inspected and referred to businesses and residences along Highway 62/63 outside the area which the parties addressed at trial. In this latter respect, the chancellor erred. Nevertheless, the limited two-block area here was properly characterized as mixed residential and commercial as we have previously discussed. Thus, even excluding the chancellor's references to businesses outside the pertinent area involved, we are required on de novo review to uphold the chancellor's finding that no nuisance would result from appellee's business since that finding is not clearly erroneous.

We affirm.