LEMON v. TANNER.

Opinion delivered March 28, 1927.

1. DEEDS—DESCRIPTION.—A description of land in a deed is sufficient if the descriptive words furnish a key for identifying the land.

2. EASEMENT — RESERVATION OF ROAD — UNCERTAINTY.—A reservation in a deed of land of a road, described as beginning at the northeast corner of the land, "thence west along line through small field, thence southwest around the foot of steep hill on right-

of-way now cut out for wagon road, 30 feet wide," was void for uncertainty, where there was no road cut through the land 30 feet wide or approaching that width.

3.    EMINENT DOMAIN—COMPENSATION FOR LAND TAKEN.—Property of an individual cannot be taken for public use as a road without compensation.

Appeal from Washington Chancery Court; *Sam Williams,* Chancellor; reversed.

Appellants *pro se.*

J. *Wythe Walker,* for appellee.

HUMPHREYS, J.    This is a suit to enjoin John Tanner and his successor as road overseer of Lee's Creek Township, Washington County, Arkansas, from maintaining a public road through the southeast quarter of the southwest quarter of section 7, in township 13 north, range 30 west, in said county, for the use of the public.

The road was ordered opened and improved by the county court on the theory that the public was entitled to the particular route adopted under and by virtue of reservations contained in deeds to the land from John M. Tucker to F. B. Scott and from F. B. Scott to appellants. The reservation following the description of the land in each deed is as follows: "Except wagon road described as beginning at the northeast corner of above described forty-acre tract, thence west along line through small field, thence southwest around the foot of steep hill on right-of-way now cut out for wagon road thirty feet wide for public use through above described forty-acre tract."

Several issues were joined in the pleadings, but, at the inception of the trial of the cause, an agreement was entered into between the parties in open court limiting the controversy to the single issue of whether the road was laid out and improved along the route described in the reservations in said deeds. The agreement is as follows:

"It is further agreed by the parties in open court that the order of the county court mentioned in the pleadings in this case undertaking to establish a county road through the land described in the deeds heretofore intro-

duced was intended to establish such county road along the line as described in the reservation in said deed. And plaintiffs (appellants) concede that, if said road was established on said line, they should fail in this action, and it is conceded by the defendants (appellees) that they have no right to a county road over any other part of said lands than what is mentioned in said reservation.'·

The undisputed testimony in the case reflects that the right-of-way referred to in each reservation had not been cut out at the time the reservations were made, and was never attempted to be cut out until the overseer and his assistants cut a strip of timber 30 feet wide along the trail running from the field referred to, southwest through the 40-acre tract. This was done after the appellants purchased and moved on the land. In other words, the road was not laid out, after leaving the field and turning southwest, along the line of a right-of-way which had been cut out 30 feet wide, or any other width. The line along which the road was built, after turning southwest, was a trail through the woods. There was a road, after leaving the field, running almost west through the 40-acre tract which had been used by the public for forty or fifty years, known as the Jahagan road, but that road had never been cut out 30 feet wide, and was referred to by some of the witnesses as a trail through the woods also. There was no road which had been cut out 30 feet wide, or approaching that width, on the 40-acre tract at all when the reservations were made. The testimony does not reflect which side of the steep hill the road reserved ran upon, or how long the hill was.

The rule is that a description of land is sufficient if the land can be located by evidence *aliunde* from the description itself. If the descriptive words themselves furnish a key for identifying the land conveyed, nothing more is required. *Tolle* v. *Curley*, 159 Ark. 175, 251 S. W. 337. Applying this rule to the descriptive words contained in the reservation it will be observed that the only key or guide by which the land embraced therein might be located by even *aliunde* evidence is the reference to a cut-

out right-of-way 30 feet wide. No right-of-way appears to have been upon the land when the reservations were made. The reservations therefore, after leaving the field, were and are void for uncertainty in description. *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729. Being void by reason of indefiniteness in description, the road was not, and could not, be laid out over them. Under the agreement, appellees were not entitled to a road over any part of said land other than such portion thereof as could be definitely located by the descriptive words in the reservation. Appellants' property could not be taken for public use without compensation.

The decree is therefore reversed, and the cause is remanded with directions to the chancery court to enjoin the road overseer of said township from maintaining the road for public use across appellants' land, unless and until the county court shall lay off the road as a public road and provide for damages and compensation to appellants.