Davis *v.* Burford.

4-5359                                     125 S. W. 2d 789

Opinion delivered March 6, 1939.

*Saye & Saye,* for appellant.

*Shaver, Shaver & Williams, A. L. Burford, Alex G. Sanderson, Jr., Bert B. Larey, Willis B. Smith* and *Ben E. Carter,* for appellees.

McHANEY, J. This litigation involves the title to 58 acres of land described as follows: Northeast quarter of the northeast quarter and east one-half of the southeast quarter of the northeast quarter, section 11, township 20 south, range 28 west except two acres out of the first described tract, in Miller county, Arkansas, which has lately become valuable by reason of the discovery of oil. Appellants brought this action against appellees to remove certain clouds from, and to quiet their title to, the above described land. Appellants alleged title in themselves, in an unbroken chain, from the government. They sought to cancel, as a cloud on their title, an oil and gas lease on said land executed by appellee, A. J. Cross, to appellees, Giles and Juan, dated August 21, 1935, and an assignment thereof by them to appellee, Burford, dated August 28, 1935, and numerous conveyances by Cross and other appellees of royalty and other interests therein. Appellees defended on many grounds, some of which will be hereafter discussed, but principally on the ground that appellants are not now and never have been the owners of said lands, and that a certain deed from Cross to E. J. Crain, and another deed from Crain to appellant Davis, erroneously included said land by mutual mistake. Trial resulted in a decree for appellees, and this appeal followed.

The history of the title is that on January 20, 1915, appellee Cross purchased from B. F. Goodson 240 acres of land, same being east one-half of northeast, southwest, northeast, and southeast northwest of 11, and west one-half northwest of 12—20 south, 28 west, which, of course, includes the land in controversy. On October 30, 1916, Cross and wife undertook to sell E. J. Crain a tract of the same land he had purchased from Goodson, "containing in all one hundred acres more or less—all in section 11, township 20, range 28 west," as recited in the deed, but the justice of the peace scrivener described 180 acres as follows: East one-half, northeast, southwest, northeast, southeast northwest, and 20 acres off the west one-half northwest. What Cross intended to convey and what Crain intended to purchase was 100 acres described as follows: West one-half southeast northeast, southwest northeast, and southeast northwest same section, township and range. That this was a mistake and was mutual is evidenced by the fact as recited in the deed that only one hundred acres were conveyed, and by the further fact that on September 17, 1924, upon discovering the error in the deed of Cross to them, Crain and wife quitclaimed the land in controversy as also the west one-half northwest of section 12, except 3 acres in the northeast corner, back to Cross, but the scrivener failed to mention the township and range, and misspelled Goodson's name in the 3-acre exception. This exception is described in said quitclaim deed as follows: "except three acres in the northeast corner of the northwest quarter of the northwest quarter, said section (12), same being one acre wide east and west by three acres long north and south, heretofore sold J. H. Westbrook by B. F. Hoodson." The record shows that, by deed of July 19, 1910, B. F. Goodson, not B. F. *Hoodson*, and wife sold and conveyed to J. H. Westbrook three acres of land "in the northeast corner of the northwest quarter of the northwest quarter of section 12 in Township 20 south, range 28 west, containing 3 acres of land; the above land lying north and south, 3 acres long and east and west 1 acre wide."

On November 30, 1918, E. J. Crain and wife executed and delivered to appellant Davis a warranty deed to the "east one-half of the northeast quarter and the southwest quarter of northeast quarter of the northwest quarter of section eleven (11), and twenty (20) acres off of the west one-half (½) of the northwest quarter, containing in all one hundred acres more or less, all in section eleven (11), township 20, range 28 west." It will be noted that this description covers 110 acres, and that neither tract is adjacent to the other. Although made on November 30, 1918, this deed was not filed for record until August 14, 1937. But on January 20, 1920, appellant, S. B. Davis, realizing that his deed did not cover the 100 acres of land he intended to buy, secured a quitclaim deed from B. F. Goodson and wife, appellee Cross, and E. J. Crain and wife to this land: west one-half southeast northeast, southwest northeast, and southeast northwest 11-20-28, and on February 12, 1920, conveyed same by this correct description to K. K. Dickson and J. T. Davis. Under this latter description, E. J. Crain assessed and paid the taxes for 1916 and 1917. Under it appellant Davis assessed and paid the taxes for 1918 and 1919, and under it said Dickson and J. T. Davis and their grantees have assessed and paid the taxes for 1920 and subsequent years. None of them have ever paid taxes on any property in section 11-20-28, except the 100 acres described in the quitclaim deed last above mentioned. The erroneous deed from Crain to appellant Davis is further shown to have been a mutual mistake by the fact that the ten-acre tract therein described (southwest northeast northwest) belonged to H. J. Mitchell, and on January 25, 1938, said Davis quitclaimed it back to said Mitchell.

Because of the error of omitting the township and range from the description in the deed from Crain and wife to Cross of September 17, 1924, Mr. Crain having died in the meantime, his widow and heirs-at-law made and delivered to Cross their quitclaim deed in which they correctly described the land as the northeast northeast, except 2 acres in the northeast corner, and the east one-

half of southeast northeast, 11-20-28, and this deed was recorded July 20, 1937, before appellant Davis recorded his erroneous deed and before Cross had any information that Davis held such a deed.

It is further sufficiently established by the evidence that appellee Cross has been in the actual possession of the land in controversy since January, 1915, the date of his purchase from B. F. Goodson, and that at no time, prior to the filing of this suit, did appellant Davis or any other person claim to own said property or any interest therein, but on the contrary Cross had his barn and garden thereon and several acres of this land in cultivation at the time of his erroneous deed to Crain, and the barn is still there. He cultivated the cleared land for several years himself and for some other years through tenants, cut and sold timber therefrom, fenced it, paid the taxes thereon from 1915 to the present time, and has exercised all the acts of ownership and control over said land that the ordinary landowner exercises, and at no time did appellant Davis or any one else question his right to do so or in any way claim title thereto. On examination by the court, he testified he didn't know how many acres he was buying when he got his deed from Crain, did not know what part of the Cross place he was getting; didn't know how much land there was in the Cross tract, and doesn't know yet.

We think this evidence is sufficient to show that there was a mutual mistake in the deed from Cross to Crain, and in the deed from Crain to appellant Davis, and that neither Crain nor said Davis intended to buy from Cross, and that Cross did not intend to convey any of the land in controversy. We are of the further opinion that, because of said mutual mistake in each of said deeds, Crain and appellant Davis acquired no title to said land. But, if it could be said that they did, Crain's deed back to Cross of September 17, 1924, which was duly filed for record January 12, 1925, at a time when the deed from Crain to Davis was not of record, and at a time when Cross had no actual knowledge of the deed from Crain to Davis, effectively placed the title back in

Cross, who should be regarded as an innocent purchaser for value without notice of any claim of said Davis, provided, of course, the omission of the township and range in said deed is not fatal. We do not think it is fatal for the reason the exception in the deed supplied this defect. The rule is that a deed is not to be held void for uncertainty if by any reasonable construction it can be made available. *Varner* v. *Rice,* 44 Ark. 236; *Walker, et al.* v. *David, et al.,* 68 Ark. 544, 60 S. W. 418. In *Lemon* v. *Tanner,* 173 Ark. 414, 292 S. W. 668, we said: "The rule is that a description of land is sufficient if the land can be located by evidence *aliunde* from the description itself. If the descriptive words themselves furnish a key for identifying the land conveyed, nothing more is required." Citing *Tolle* v. *Curley,* 159 Ark. 175, 251 S. W. 377. See, also, *Snyder* v. *Bridewell,* 167 Ark. 8, 267 S. W. 561. Now, the exception in this deed correctly gives the township and range in which the excepted land is located, and it necessarily follows that the land conveyed must be in the same township and range.

Our statute, § 1847 of Pope's Digest, provides that no deed of real estate shall be valid against a subsequent purchaser for a valuable consideration without actual notice, unless such deed shall be filed for record. There is no constructive notice of a deed until it is filed for record, § 1846 *Id.* In *Penrose* v. *Dougherty,* 70 Ark. 256, 67 S. W. 398, it was held that, "where land is conveyed to two grantees by different deeds executed on the same day, but the evidence does not show which was first delivered, or that either grantee had notice of the other's deed, the grantee who first placed his deed on record, acquired the superior title" under § 1847 of Pope's Digest, quoting a syllabus. It was also held in *McDonald* v. *Norton,* 123 Ark. 473, 185 S. W. 791, 1199, that an unrecorded deed is not constructive notice to a subsequent *bona fide* purchaser or mortgagee. Therefore, Cross being a *bona fide* purchaser from Crain to the land in controversy and having neither actual nor constructive notice of Davis' deed from Crain, and having recorded his deed first, acquired the superior title.

We are also of the opinion that appellants cannot recover because of the adverse possession of Cross during all the years from 1915 to the present time, even assuming that his conveyance to Crain was valid at the time, which, as we have shown, it was not. While it is true, as we have held, that where the grantor of land remains in possession, there is a presumption that he holds in subordination to his grantee, it is also true that such presumption fades away with the lapse of time where his occupancy is unexplained. *Turman* v. *Bell*, 54 Ark. 273, 15 S. W. 886, 26 Am. St. Rep. 35; *Tegarden* v. *Hurst*, 123 Ark. 354, 185 S. W. 463; *Shelby* v. *Shelby*, 182 Ark. 881, 32 S. W. 2d 1071. In the Tegarden Case 14 years' possession was held sufficient, and in the Shelby Case 17 years. Here Cross held possession for 23 year and is still in possession.

Other questions are argued in the splendid briefs of learned counsel on both sides, but we think it unnecessary to discuss them, as those above mentioned are decisive of the case.

The decree of the court is correct, and must be affirmed.