HALLER *v.* HALLER.

**5-811**                                          286 S. W. 2d 331

Opinion delivered January 30, 1956.

*Peyton D. Moncrief, Virgil R. Moncrief, John W. Moncrief,* for appellant.

*Botts & Botts,* for appellee.

J. SEABORN HOLT, Associate Justice. This litigation involves title to a 160-acre tract of land in the Southern District of Arkansas County. Appellant was the brother of appellee's father, L. C. Haller, and claims title by virtue of a deed from L. C. Haller and wife, Ethel, in January 1924. A large part of the consideration in this deed was the assumption by appellant of a mortgage on the property held by the American Investment Company dated January 15, 1924. Appellee, Ralph Haller ( L. C. Haller's son) primarily claimed title to the land and ownership by virtue of seven years adverse possession, and also that appellant had abandoned the property. On a trial the Chancellor upheld appellee's contention. The decree recited: "The court finds that the defendant, Ralph Haller, is the owner of the lands in controversy heretofore set out, subject to an indebtedness due Mary H. Brown . . . The court further finds that plaintiff abandoned said property and any title, claim or interest which he might have had in the same, or any part thereof, and that he presently has no title, right, or interest therein in any way whatsoever and that the defendant has acquired title to this property by reason of said abandonment, and possession and payment of taxes for more than seven years." . . . "The court fur-

ther finds that the defendant is not indebted to plaintiff in any sum . . ." This appeal followed.

After carefully reviewing the evidence, we have concluded that the findings of the trial court, that appellee acquired title by adverse possession, are not against a preponderance of the testimony. The preponderance of the evidence, in effect, shows that Ralph Haller, appellee, and his father before him, have been in possession of this land from the time it was purchased in 1917 at least up to 1944 and have claimed ownership up to the filing of the present suit, and they or the mortgagee have paid the taxes each year with the exception of 1924, 1925 and 1926 when they were paid by appellant. Appellant has never been in possession of the land. Ralph and his father lived on it, farmed it, cut and sold timber from it, pastured it, claimed it, the land was known as their land, they used it as their own, and have practically paid off the above mortgage. Appellant never collected any rentals or profits from the land and there was evidence that during the life of appellee's father, appellant made the statement, and also told Ralph in 1946, that he, appellant, had no interest in the land, but should appellee decide to sell he would be interested in buying. Appellant, however, denied making any such statement. It appears that appellant stood idly by for approximately 30 years exercising no control, or ownership, over said land while at the same time appellee and his father before him were in undisputed possession openly, notoriously and adversely. In these circumstances the governing rule is stated in an opinion by Judge McCulloch, *Tegarden* v. *Hurst,* 123 Ark. 354, 185 S. W. 463. "We are also of the opinion that the evidence shows very clearly an intention on the part of Hurst to hold the land in hostility to any other claim, and that even if there was no right to reformation that Hurst's occupancy ripened into a title by adverse possession for the statutory period. On that branch of the case, the defendants invoke the doctrine that where a grantor remains in possession, there is a presumption that he does so in subordination to the title he has granted, and not in hostility thereto. While that is true, there is an exception where the occu-

pancy continues unexplained for an unreasonable length of time and under those circumstances, the presumption is gradually overcome by lapse of time. *American Building & Loan Association* v. *Warren,* 101 Ark. 163, 141 S. W. 765. The fact that Hurst remained in undisputed possession of the land, openly and notoriously, for a period of fourteen years is sufficient to overcome the presumption that he was holding in subordination to his original grant. Such occupancy was, under the circumstances, sufficient notice to Tegarden as to the hostility of the possession." See also *St. L. Sw. Ry. Co.* v. *Fulkerson et al,* 177 Ark. 723, 7 S. W. 2d 789; *Davis* v. *Burford,* 197 Ark. 965, 125 S. W. 2d 789, where on the evidence it was held that adverse possession for a period of 23 years was sufficient; *Forrest* v. *Forrest,* 208 Ark. 48, 184 S. W. 2d 902, where we held under the facts there that a period of 10 years was sufficient.

As indicated, we hold that the Chancellor was warranted in finding from the evidence that appellee's possession had been of sufficient character to abate the presumption that they were occupying the land in subordination to the grant of Ralph's father (L. C. Haller) and mother, and since appellee and his father held continuous possession of the land for approximately 30 years they have on the facts presented acquired title by adverse possession. Affirmed.