Bruce and Deborah BELCHER *v.* James A. STONE

CA 99-65                                998 S.W.2d 759

Court of Appeals of Arkansas
Division I
Opinion delivered September 15, 1999

*The Dennis C. Sutterfield Law Firm, A Professional Association,* by: *Dennis C. Sutterfield,* for appellants.

*Skelton & Steuber, P.A.,* by: *William Douglas Skelton* and *Kristin Steuber,* for appellee.

JOHN B. ROBBINS, Chief Judge. In this case, we are asked to review a chancery decree quieting title to approximately

one acre of land in appellee James Stone. Appellants Bruce and Deborah Belcher argue that the chancellor's decision was erroneous and that title should have been quieted in them. We disagree and affirm as modified.

The parties are adjoining property owners in Yell County. Appellee holds title to a five-acre tract of land. As best we can tell from a survey contained in the record, it is a rectangular-shaped piece of property lying north of Highway 27. Appellants own a little over three and one-half acres. Their property is contiguous to the lower, western part of appellee's property. Their home is located on top of an approximately forty-foot-high hill. Behind their house, to the south, the land drops off down a steep hillside, then levels out until it meets Little Chickalah Creek. The area in dispute in this case is a 1.2-acre triangular tract. The triangle comes to a point on the west where the creek and the hill meet. Its southern side is the foot of the hill; its northern side is the creek. Its base, on the east, rests against appellee's acreage. Both appellants and appellee claim ownership of the 1.2 acres.

Appellee bought his property in 1996 from his stepfather, Bud Rector, who had owned the land since 1954. The property description in the deed from Rector to appellee reads as follows:

> Commence at the SE Corner of the NE$^{1/4}$ of Section 24, Township 6 North, Range 22 West, then run West 8 chains and 4 links, then North 23 chains and 50 links then East 3 chains and 1$^{1/2}$ links as a point of beginning, then run North 68 degrees West 5 chains and 15 links, then North 7 chains and 50 links to the center of the channel of Little Chickalah Creek, then up the channel of said creek 6 chains and 45 links, then South 7$^{1/4}$ degrees West 9 chains and 50 links to the point of beginning, containing 5 acres, more or less, Being a part of the NE$^{1/4}$ of the NE$^{1/4}$ of Section 24, Township 6 North, Range 22 West. Also about 1 acre, or all of the land lying between the hill and Little Chickalah Creek and joining the above described tract on the West.

All conveyances of the property since 1910 have contained virtually the same description. According to appellee, it is the last sentence of the description that gives him ownership of the 1.2-acre tract.

Appellants purchased their property in 1988. A survey based upon the property description in their deed indicates that they are the owners of the disputed tract.

On June 14, 1996, appellee filed an action in Yell County Chancery Court seeking to quiet title to the 1.2 acres in himself. He claimed ownership by virtue of the 1996 deed from Bud Rector and by virtue of his and his predecessors' adverse occupation of the property. Appellants responded that the property description in the deed from Rector to appellee was insufficient to convey color of title and that any use of the property by appellee or his predecessors was permissive rather than adverse. They also claimed, in the alternative, that they had used the property adversely to appellee since 1988. After a hearing, the chancellor found that the deed conveying the 1.2 acres to appellee was adequate to constitute color of title. He quieted title in appellee in recognition of appellee's and his predecessor's payment of taxes and running of cattle on the property since 1954 under said color of title.[1] He further found that any use of the property by appellants was not sufficient to constitute notice to appellee of an adverse claim of ownership. It is from these findings that appellants bring their appeal.

■ Chancery cases are tried *de novo* on appeal. *Tolson v. Dunn*, 48 Ark. App. 219, 893 S.W.2d 354 (1995). However, we do not reverse a chancellor's finding of fact unless it is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Adkinson v. Kilgore*, 62 Ark. App. 247, 970 S.W.2d 327 (1998).

■ Appellants argue that appellee cannot claim ownership of the disputed tract because that portion of his deed which concerns the 1.2-acre tract in question contains an indefinite and uncertain property description. Appellants are correct that a deed containing an indefinite property description is void and does not

---

[1] See Ark. Code Ann. § 18-11-102 (1987), which provides that one who has color of title and pays taxes on unimproved and unenclosed land for seven years is deemed to be in adverse possession of the land.

constitute color of title. *See Darr v. Lambert*, 228 Ark. 16, 305 S.W.2d 333 (1957). However, we agree with the chancellor that the description in this case was adequate. A deed will not be held void for uncertainty of description if by any reasonable construction it can be made available. *Gipson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974); *Rye v. Baumann*, 231 Ark. 278, 392 S.W.2d 161 (1959). A description of land is sufficient if the descriptive words in the deed furnish a key for identifying the land conveyed. *See Davis v. Burford*, 197 Ark. 965, 125 S.W.2d 789 (1939). A deed is not void for uncertainty if the land can be located by the description used. *Tolle v. Curley*, 159 Ark. 175, 251 S.W. 377 (1923).

■ During the trial of this case, Donald Bland testified that in 1996 he prepared a survey for appellee to locate the boundary lines of the 1.2-acre tract. To accomplish this task, Bland used a 1943 deed containing the property description. The deed's description was the same in all important respects as the 1996 deed from Rector to appellee. Because the deed recited that the disputed tract "join[ed] the above described tract on the West," Bland started at the western border of the "above described" tract. He ran westward from the corners of that tract along the "toe" of the hill on the south and the center line of the creek on the north. The tract closed on the west where the hill and the creek came together. Although Bland testified that he used an earlier survey to establish the corners of the "above described" tract, he was clear in his testimony that the legal description contained in the deed was sufficient to determine the boundary lines of the disputed tract. He further stated that, in his twenty-five years of surveying experience, it was not uncommon to see a legal description like the one in this case. In light of this testimony, we cannot say that the chancellor's finding that the property description was adequate to convey color of title was clearly erroneous.

■ ■ Appellants also argue that the chancellor erred in finding that they had not established ownership of the property through adverse possession. In order to establish title by adverse possession, a claimant has the burden of showing that he has been in possession of the property continuously for more than seven years and that his possession was visible, notorious, distinct, exclu-

sive, hostile, and with the intent to hold against the true owner. *Anderson v. Holliday*, 65 Ark. App. 165, 986 S.W.2d 116 (1999). Whether possession is adverse to the true owner is a question of fact. *Id.*

The evidence at trial supports the chancellor's finding that appellants have not satisfied the requirements of a claim for adverse possession. In fact, the record supports the chancellor's finding that appellee and his predecessors in title were in continuous possession of the disputed tract for forty years. Bud Rector, appellee's grantor, testified that, beginning in 1954, he ran cattle on the property, kept it clipped, paid taxes on it, and maintained a fence located on the hill. He said that no one had ever asserted adverse ownership of the property until appellants did so when this lawsuit arose. Although appellants and their witnesses testified that appellants paid taxes on the property and used it by clearing it, cutting firewood, picnicking, playing with their children, and shooting guns for target practice, Rector denied ever seeing appellants maintaining the property or engaging in any substantial activities on it.

In reviewing a chancery court's findings with regard to adverse possession, due deference is given to the chancellor's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Anderson v. Holliday, supra.* When the evidence is conflicting or evenly poised, or nearly so, the judgment of the chancellor on the question of where the preponderance of the evidence lies is persuasive. *Clark v. Mathis*, 253 Ark. 416, 486 S.W.2d 77 (1972). In this case, it appears that the chancellor exercised his prerogative as trier of fact and resolved the conflicts in testimony in favor of appellee. Thus, we cannot say that the chancellor's findings on this issue were clearly erroneous.

Finally, our *de novo* review of the record points up an error in the chancellor's decree. Donald Bland testified that, in the course of describing the boundaries of the disputed tract, he omitted a call from the property description. The decree entered below reflects the original, erroneous description. Therefore, we modify that portion of the decree containing the property descrip-

tion as follows: in the third line of the description, after the call reading "thence North, along the East line of Section 24, 1632.70 feet," there should be inserted the following: "thence West 310.23 feet."

Affirmed as modified.

BIRD and CRABTREE, JJ., agree.