In re David O. AKEL.

M. Randy Rice, Plaintiff,

v.

La Sher Oil Company, Defendants.

Bankruptcy No. 01–4087S.
Adversary No. 01–4087.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Nov. 29, 2001.

Russell J. Byrne, Little Rock, AR, for La Sher Oil Co.

M. Randy Rice, Chapter 7 Trustee.

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the parties' cross motions for summary

judgment, filed on October 10, 2001, and October 29, 2001.

In 1991, the debtor purchased a parcel of property, the legal description of which was properly:

The East Half (E1/2) of the NW ¼ *of the NE ¼,* Section 17, T3N, R14W in Pulaski County, Arkansas, containing twenty (20) acres, more or less.

(Emphasis added.) The deed, however, although properly recorded omitted a portion of the description and read only:

The East Half (E1/2) of the NW ¼, Section 17, T3N, R14W in Pulaski County, Arkansas, containing twenty (20) acres, more or less.

In 1993, the defendant, La Sher Oil Company obtained a judgment against the debtor and, pursuant to Arkansas law, obtained a lien on all of debtor's real property. Ark.Code Ann. § 16–65–117(a)(1)(A). That judgment lien was recorded and, accordingly, was valid against all persons. Ark.Code Ann. § 16–65–117(b)(2).

On March 20, 2000, the debtor filed his chapter 7 petition in bankruptcy and the trustee succeeded to all of the debtor's rights, including the debtor's interest in the real property purchased in 1993. In addition, the trustee succeeded to any rights of a *bona fide* purchaser as against the debtor's property. 11 U.S.C. § 544(a). Based upon section 544, the trustee filed this separate adversary proceeding to determine the nature and extent of the La Sher's lien and to avoid that lien. Specifically, the trustee asserts that, although the debtor obtained an equitable interest in the property, the deed was ineffective to transfer property so that La Sher's lien could not attach to it. La Sher asserts that title passed to the debtor despite the mere scrivener's error so that its lien attached and may not be avoided by the trustee. Thus, the parties claim that they do not dispute the material facts but merely the legal effect of the scrivener's error in the deed. Inasmuch as the court cannot ascertain from this record whether, under Arkansas law, a purchaser would have notice of the extent of the debtor's interest in the property, the court believes a hearing is necessary.

When the grantor delivered the deed to the debtor in 1993 with the operative words of conveyance, he effectively made a transfer of the land. In the instant case, there is no dispute as to the parties' intentions in the transaction: a specific parcel of property was conveyed to the debtor and, the court concludes that, under Arkansas law, the debtor became the owner of that property. As the owner of that property it may be subject to liens which arise by statute. Arkansas law provides for a lien upon real estate owned by the debtor. Ark.Code Ann. § 16–65–117(a)(1)(A)("A judgment in the ... circuit courts of this state ... shall be a lien on the real estate owned by the defendant ....)" and that lien is valid against third person after it is properly recorded and indexed in a manner that provides reasonable notice to the public. Ark.Code Ann. § 16–65–117(b). The lien attaches to equitable estates as well as those clearly titled in the name of the defendant. *Cohn v. Hoffman,* 50 Ark. 108, 6 S.W. 511 (1887).

Under section 544 of the Bankruptcy Code, the chapter 7 trustee has the status of a *bona fide* purchaser with regard to property of the debtor:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Thus, as a *bona fide* purchaser, the trustee has the power to avoid the obligation—the lien acquired by La Sher—if a *bona fide* purchaser would take the property without notice of the lien. In the instant case, the question for the court is whether the description of the property is sufficient for a *bona fide* purchaser to realize that the particular parcel of property is owned by this debtor so that the *bona fide* purchaser would be aware that the property is impressed with the lien.

 In making this determination the court begins with the premise that, under Arkansas law, "a deed is not to be held void for uncertainty if by any reasonable construction it can be made available," *Davis v. Burford,* 197 Ark. 965, 125 S.W.2d 789, 791 (1939); *see Gullett v. Lamberton,* 6 Ark. 109, 1845 WL 377 (Ark.1845), and that a description of property is sufficient to serve as notice to third parties dealing with that property "if the description is adequate to enable the court to locate and identify the property with certainty, and it is not so inaccurate or faulty as to be actually misleading." *Gulf Coast Investment Corp. v. McClanahan (In re Vezinot),* 20 B.R. 950, 953 (Bankr.W.D.La. 1982). *Accord Davis v. Burford,* 197 Ark. 965, 125 S.W.2d 789, 791 (1939)("The rule is that a description of land is sufficient if the land can be located by evidence *aliunde* from the description itself"); *Bryant v. Chicago Mill & Lumber Co.,* 120 F.Supp. 463 (E.D.Ark.), *aff'd,* 216 F.2d 727

(8th Cir.1954); *Betzing v. Beckman,* 193 N.E.2d 741, 748 (Ohio Ct. C. Pleas 1963)("misdescription in one or more particulars is of no consequence if the residue of the description enables the court to correct the error and ascertain the land"), *appeal dismissed,* 177 Ohio St. 60, 202 N.E.2d 308 (1964). In addition, there is some authority for the proposition that a purchaser may have a duty of inquiry to ascertain the true description of property if it is apparent from the face of the deed that the description is inaccurate. *See Hargrave v. LaPalomento (In re LaPalomento),* 29 B.R. 291 (Bankr.D.N.J.1983).

Thus, the mere fact that there is a scrivener's error in the deed does not mean that a purchaser would not have knowledge of the debtor's interest in the particular parcel of property. Rather, the court must determine whether the legal description in the deed, as recorded in 1991, is sufficient to give notice to third parties of the debtor's interest. If the description is sufficient, then the trustee may not avoid the lien upon the property. If, however, the description does not give a third party notice of the debtor's interest in the property, the trustee, as *bona fide* purchaser, may avoid the lien.

 The court does not have sufficient information, however, to make this determination so that the motions for summary judgment filed by the parties must be denied. It may be, as is sometimes the case, that an individual with knowledge of the platting system would know by reading the description the precise location of the property, even with the error. Alternatively, it may be that the error would not be discerned from a reading, but could be any number of parcels of land in the county. Only upon the testimony of the appro-

priate experts will the court be able to reach a conclusion.[1] Accordingly, it is

**ORDERED** that the Motion for Summary Judgment, filed by La Sher Oil Company on October 10, 2001, and the Cross Motion for Summary Judgment, filed by the Trustee on October 29, 2001, are Denied. It is

**FURTHER ORDERED** that trial of this adversary proceeding is hereby set for December 18, 2001, at 1:00 p.m. in Courtroom 3 of the United States Bankruptcy Courthouse located at 300 W. Second Street, Little Rock, Arkansas.

**IT IS SO ORDERED.**

---

1. In years past, attorneys gave title opinions and would have knowledge of such matters. Accordingly, such a person may be an appropriate witness. Modernly, however, such issues are generally left to the expertise of persons in the employ of abstract and title companies.