**In re Rickey Lynn HUSKEY, and Telesa Huskey, Debtors.**

**Rickey and Telesa Huskey, Plaintiffs/Counter–Defendants**

**v.**

**Citimortgage, Inc., Defendant/Counter–Claimant**

**First National Bank Company, Mark T. McCarty, Third–Party Defendants.**

**Bankruptcy No. 1:09–bk–14685. Adversary No. 1:10–ap–01174.**

United States Bankruptcy Court, E.D. Arkansas, Batesville Division.

Aug. 14, 2012.

Joel G. Hargis, Jonesboro, AR, John A. Flynn, Cabot, AR, for Plaintiffs.

Arnold N. Goodman, Sammie P. Strange, Jr., Little Rock, AR, for Defendants.

Michelle C. Huff, Batesville, AR, for Third–Party Defendant.

Mark T. McCarty, Chapter 13 Trustee.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

AUDREY R. EVANS, Bankruptcy Judge.

Now before the Court is the Plaintiffs' *Motion for Summary Judgment* filed on February 1, 2012. On February 21, 2012, Citimortgage, Inc. ("**Citi**") filed a *Response in Opposition to Plaintiff's Motion for Summary Judgment,* and on March 16, 2012, the Plaintiffs filed a *Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment.* The Court has reviewed all arguments and evidence submitted by the parties, and for the reasons stated herein, denies the Motion for Summary Judgment.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K).

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure, as applied to these proceedings through Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of

material fact exists if the evidence presented is such that a reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is on the moving party to establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). The burden then shifts to the non-moving party to go beyond its pleadings to show, through affirmative evidence, that there is a genuine issue for trial. *See Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. In determining whether a genuine issue of material fact exists, the Court must view the facts in the light most favorable to the non-moving party. *Canada v. Union Electric Co.,* 135 F.3d 1211, 1212 (8th Cir.1997); *In re Gilder,* 225 B.R. 439, 448 (Bankr.E.D.Mo.1998) (citation omitted).

## UNDISPUTED FACTS

Based on the evidence submitted, the Court finds the following facts are not in dispute:

1. In 2004, Rickey and Telesa Huskey (the "**Plaintiffs**") agreed to purchase 65 acres of real property from Terry Sharp Decker (the "**Seller**").

2. The Seller executed a deed to convey the property to the Plaintiffs. However, the legal description in the deed only included 45 acres (the "**45 Acre Tract**") in the conveyance. The legal description specifically excluded the other 20 acres (the "**20 Acre Tract**"). At the time of the conveyance, the Plaintiffs believed they had received ownership of both the 45 Acre Tract and the 20 Acre Tract.

3. The Plaintiffs built a home on the 20 Acre Tract.

4. At some point between the years 2004 and 2007, the Plaintiffs executed a note and mortgage in favor of Ameriquest Mortgage Company ("**Ameriquest**").

5. On April 13, 2007, the Plaintiffs refinanced their debt with Ameriquest by executing a note (the "**Note**") and mortgage (the "**Mortgage**") in favor of Gecko Mortgage, Inc. ("**Gecko**").

6. The Mortgage was filed in the real property records for Independence County. The legal description on the Mortgage described only the 45 Acre Tract, and specifically excluded the 20 Acre Tract. The Mortgage states that the encumbered property is located in White County, but the encumbered property is actually located in Independence County.

7. The same day the Plaintiffs executed the Note, April 13, 2007, Gecko transferred the Note to Citi by signing an allonge (the "**Allonge**"). The Gecko representative's signature on the Allonge is purported to be the signature of "Charles Gabriel Keever."

8. Gecko also transferred the Mortgage to Citi by signing an Assignment of Mortgage (the "**Assignment**"). The Assignment was signed by Gecko's president and two witnesses. The signature of one of the witnesses is purported to be the signature of "Gabe Keever."

9. The Assignment was filed in the real property records for Independence County. The Assignment states that the mortgaged property is located in White County.

10. On July 2, 2008, Seller conveyed the 20 Acre Tract to the Plaintiffs through a Warranty Deed.

11. On July 3, 2009, the Plaintiffs filed a Chapter 13 bankruptcy case.

12. The Plaintiffs filed a Chapter 13 Plan (the "**Plan**") in their bankruptcy case. With regard to the 45 Acre Tract, the Plan

proposed to pay Citi a maximum amount of $30,000 at 3.86% interest over 15 years to the extent Citi "is able to establish that it is a properly perfected secured creditor." With regard to the 20 Acre Tract, the Plan proposed to pay Citi as an unsecured creditor.

13. On July 27, 2009, Citi filed a secured proof of claim for $150,410.65 in the Plaintiffs' bankruptcy case. Citi attached the Note, Allonge, Mortgage, and Assignment as support for its claim.

14. The Plan was confirmed on August 19, 2010.

15. Two days prior to confirmation, on August 17, 2010, the Plaintiffs filed an adversary proceeding requesting a determination as to the validity, priority, and extent of Citi's lien; seeking to avoid Citi's lien under 11 U.S.C. § 544; and objecting to Citi's proof of claim.

16. On February 1, 2012, the Plaintiffs filed this Motion for Summary Judgment in the adversary proceeding.

## ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

Although the Court ultimately denies this Motion for Summary Judgment, after reviewing the evidence presented, the Court makes the following findings of fact and conclusions of law:

1. From a visual comparison of Mr. Keever's signatures on the Allonge and the Assignment, the Court concludes that it is not possible that the same person signed the two documents. As a result, the Court finds that at least one of the two signatures is a forgery.

2. The legal description on the Mortgage specifically excluded the 20 Acre Tract. As a result, the Court finds that Citi does not presently have a lien on the 20 Acre Tract.

## DISCUSSION

In their Motion for Summary Judgment, the Plaintiffs argue that Citi does not have the right to enforce the Note or the Mortgage. The Plaintiffs argue that Citi cannot enforce the Note because the Allonge was not properly endorsed, and failed to effectively transfer the Note from Gecko to Citi. The Plaintiffs argue that Citi cannot enforce the Mortgage because the Plaintiffs can avoid the Mortgage under 11 U.S.C. § 544, and because errors in the property description make the Mortgage invalid. Following a thorough review of the arguments and evidence, the Court denies the Plaintiffs' Motion for Summary Judgment. The Court discusses its determination with regard to each of the Plaintiffs' arguments in greater detail below.

### The Note

The Plaintiffs assert that Citi does not have authority to enforce the Note because the Allonge (which purports to transfer the Note from Gecko to Citi) was not properly endorsed, and thus, failed to effectively transfer the Note to Citi. The Plaintiffs argue that the signature of the Gecko representative signing the Allonge, Charles Gabriel Keever, is a forgery. Mr. Keever's signature appears on the Allonge as the Gecko representative authorizing the transfer to Citi. Mr. Keever's signature also appears on the Assignment, although only as a witness to the Assignment, and not as the person actually authorizing the transfer to Citi. The Plaintiffs point out that Mr. Keever's signature on the Allonge and his signature as a witness to the Assignment are drastically different.

A visual comparison of the two signatures leaves no question that they cannot both be Mr. Keever's signature. From the stark discrepancy between the two signatures, the Court finds that at least one of the two signatures is a forgery. How-

ever, despite this fact, it remains possible that the signature on the Allonge is authentic, and only the signature on the Assignment is a forgery. Viewing the facts in the light most favorable to the non-moving party, as the Court must on summary judgment, there is a genuine issue of material fact as to whether the forgery is on the Allonge, the Assignment, or both. In order for the Court to make that determination, there will have to be a trial. Therefore, the Court denies the Plaintiffs' Motion for Summary Judgment with regard to the Note.

### The Mortgage

The Plaintiffs assert that Citi does not have the right to enforce the Mortgage because the errors in the property description either (1) allow the Plaintiffs to avoid Citi's lien under 11 U.S.C. § 544, or (2) cause the property description to be so defective that the Mortgage is invalid. There are two errors on the Mortgage that form the basis of these arguments. The first is that the Mortgage states that the property is located in White County; it is actually located in Independence County. The second is that the property description specifically excludes the 20 Acre Tract from the Mortgage. Neither party disputes that these errors exist on the face of the Mortgage.

### Standing Under § 544(a)(3)

 Under the facts and circumstances of this case, the Plaintiffs do not have standing to avoid Citi's lien under § 544. Section 544(a)(3) states:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). The language of § 544(a)(3) only refers to "the trustee" as having the avoidance power; it does not make a similar reference to the Chapter 13 debtor. While the Eighth Circuit has not conclusively determined whether the term "trustee" might be interpreted to include the Chapter 13 debtor, the Court's review of Eighth Circuit authority strongly encourages a narrow interpretation. *See In re Lauer*, 98 F.3d 378, 388 (8th Cir.1996) (interpreting the term "trustee" in § 548 to exclude creditors); *In re Merrifield*, 214 B.R. 362, 364 (8th Cir. BAP 1997) ("While we acknowledge that some courts have allowed Chapter 13 debtors to exercise the trustee's avoidance powers, we think those cases are inconsistent with the bankruptcy code."); *In re Hart*, 2010 WL 2509918 (Bankr.D.Neb.2010) ("Courts in the Eighth Circuit tend to follow the plain language of the statute and hold that debtors do not have standing to bring a § 547 action.").[1] As a result, the Court finds that the Plain-

---

1. The Court notes that the Bankruptcy Appellate Panel for the Ninth Circuit has held that Chapter 13 debtors can have standing to exercise the avoidance powers. *See In re Cohen*, 305 B.R. 886, 899 (9th Cir. BAP 2004) ("[T]he terms of the Bankruptcy Code, itself, support the conclusion that chapter 13 debtors may exercise trustee avoiding powers concurrently with the trustee."); *but see In re Shawhan*, 2008 WL 8462964 (9th Cir. BAP 2008) (limiting standing of Chapter 13 debtors to cases where there is a benefit to the bankruptcy estate). However, the Court does not believe that position to be consistent with the narrow interpretation applied to the term "trustee" within the Eighth Circuit.

tiffs in this case (as debtors in a Chapter 13 bankruptcy case) do not have standing to avoid Citi's lien under § 544(a)(3).

### Deficient Description

■■■ As an alternative to avoiding the lien under § 544(a)(3), the Plaintiffs claim that the errors cause the property description to be so defective that the Mortgage is invalid. There are certain components of a mortgage document that are essential to the validity of the mortgage. One such component is a description of the property encumbered by the mortgage. 59 C.J. S. *Mortgages* § 146 ("A mortgage or deed of trust, in order to be effective, must contain some description of the land intended to be covered."). This Court has previously discussed the legal standard for determining whether a property description is valid:

> Under Arkansas law, a deed which contains "an indefinite property description is void and does not constitute color of title." *Belcher v. Stone*, 67 Ark.App. 256, 259–60, 998 S.W.2d 759, 761 (1999) (citing *Darr v. Lambert*, 228 Ark. 16, 305 S.W.2d 333 (1957)). However, "[a] deed will not be held void for uncertainty of description if by any reasonable construction it can be made available." *Belcher*, 67 Ark.App. at 260, 998 S.W.2d 759 at 761 (citing *Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974); *Rye v. Baumann*, 231 Ark. 278, 329 S.W.2d 161 (1959)). "A description of land [in a deed] is sufficient if the descriptive words in [that] deed furnish a key for identifying the land conveyed." *Id.* (citing *Davis v. Burford*, 197 Ark. 965, 125 S.W.2d 789 (1939)). Thus, if the land can be located through the description contained in the deed, that deed is not void for uncertainty. *Id.* (citing *Tolle v. Curley*, 159 Ark. 175, 251 S.W. 377

(1923)). Extrinsic evidence may be used to assist in the determination of what property was actually intended to be conveyed. *McCrory School Dist. of Woodruff County v. Brogden*, 231 Ark. 664, 668, 333 S.W.2d 246, 249 (1960) (citation and quotes omitted) ("It may be laid down as a broad general principle that a deed will not be declared void for uncertainty in description if it is possible by any reasonable rules of construction to ascertain from the description, aided by extrinsic evidence, what property is intended to be conveyed.").

*In re Allen*, No. 1:04–ap–1021 (Bankr. E.D.Ark. May 11, 2005).[2] In summary, the rule in Arkansas is that for a mortgage to be valid, the description must be sufficient to allow identification of the encumbered property. In determining whether the description is sufficient, the Court takes into account both the mortgage document and any extrinsic evidence. *See Id.*; *Henry v. Union Sawmill Co.*, 171 Ark. 1023, 287 S.W. 203 (Ark.1926).

■■■ Where a deficient description makes the mortgage invalid, the mortgage holder may have an opportunity to correct the deficiency through reformation. "Reformation is an equitable remedy which is available when the parties have reached a complete agreement but, through mutual mistake, the terms of their agreement are not correctly reflected in the written instrument purporting to evidence that agreement." *Lambert v. Quinn*, 32 Ark. App. 184, 187, 798 S.W.2d 448, 449 (Ark. Ct.App.1990); *In re Stewart*, 422 B.R. 185, 190 (Bankr.W.D.Ark.2009) ("In Arkansas, reformation of instruments is an equitable remedy that is appropriate when the instrument evidencing the agreement does not reflect the terms of the agreement due to mutual mistake of the party.").

---

**2.** The same standard applies whether the description is in a deed or a mortgage. *See*

*Caraway Bank v. U.S.*, 258 Ark. 858, 529 S.W.2d 351 (Ark.1975).

In this case, the Plaintiffs focus on two errors on the Mortgage—the error of using the wrong county name, and the error of specifically excluding the 20 Acre Tract—to show that the property description is defective. For the following reasons, the Court finds that neither of the errors allows the Court to make that determination without a trial.

 The Court cannot determine from the record provided whether the error of using the wrong county name makes the property description defective. The Court is unable to make that determination because the full legal description of the property was not provided as part of the summary judgment pleadings.[3] Although the parties agree that the property is not located in White County, the Court must take into account the other language in the property description to determine whether that error makes the description defective. Without the full description, the Court cannot make that determination. Additionally, the Mortgage and Assignment are both filed in the records of Independence County,[4] and there are references to Independence County on the face of both of those documents. Under these facts, the Court is unable to conclude as a matter of law that the error in the county name causes the Mortgage to be invalid. In order to make that determination, there must be a trial.

 The analysis is slightly different (although ultimately ending with the same result) when determining whether the error of excluding the 20 Acre Tract makes the property description defective. It is not disputed that the 20 Acre Tract was excluded from the property description. *See* Plaintiffs' Requests for Admissions, Admission No. 1 ("The 20 acre tract where the Plaintiffs' house is located at 1899 Thida Road was excluded from the legal description contained in the Mortgage."). There is no need to analyze whether the 20 Acre Tract can be identified from the Mortgage.[5] Even presuming the location of the 20 Acre Tract can be identified, the only reference in the property description to that tract was made for the purpose of excluding it. As a result, the Court finds that Citi does not presently have a lien on the 20 Acre Tract.

 However, that determination does not bring this case to an end. The Court cannot make a determination based on the record before it as to whether Citi has the right to correct that error through the

---

3. The Plaintiffs attached the Mortgage as an exhibit to the Motion for Summary Judgment. The section of the Mortgage that describes the encumbered property contains a notation—"See Attached Exhibit A"—but nothing containing the property description was attached to the Mortgage, or any of the other exhibits accompanying the summary judgment pleadings.

4. The Plaintiffs state in their brief that the Assignment was recorded in White County. Plaintiffs' Brief in Support of Motion for Summary Judgment, p. 10 ("[T]he undated assignment of mortgage conveying the mortgage to Defendant is filed in White County— not where the land is located."). The stamp of the Circuit Court Clerk on that document strongly contradicts that statement, indicating

instead that the Assignment was recorded in Independence County.

5. The Court notes that in the analysis of the error in the county name, it stated that it was necessary for the Court to review the other language in the property description to determine whether the property could be identified. The application is different with regard to the 20 Acre Tract because the 20 Acre Tract was specifically excluded from the description. It is one thing to look to the other language in the property description to round out an error in property that was described as being included in the Mortgage, it is quite another to look to other language in the description to somehow pull in property that was specifically excluded.

equitable doctrine of reformation. The only argument the Plaintiffs presented against reformation was that it is unavailable due to the Plaintiffs' position as bona fide purchasers under § 544(a)(3). As discussed above, the Plaintiffs do not have standing under § 544(a)(3), and thus, their legal argument against reformation fails. At a minimum, the determination on reformation will require a factual inquiry into the intent of the parties at the time the Mortgage was executed. That inquiry must be resolved though a trial. Therefore, the Court denies the Plaintiffs' Motion for Summary Judgment with regard to its argument that the Mortgage is invalid due to errors in the property description.

### Attorney Fees

The Plaintiffs assert that attorney fees should be awarded in this matter pursuant to the Court's authority, under 11 U.S.C. § 105, to prevent an abuse of the bankruptcy process. However, the Plaintiffs' argument that the Defendants have abused the bankruptcy process hinges on their allegations that the Note is unenforceable. As discussed above, that issue is not appropriate for determination on summary judgment, and thus, neither is an award of attorney fees based on that determination. Therefore, the Plaintiffs' request for attorney fees is denied.

### CONCLUSION

Accordingly, it is hereby

**ORDERED** that the Plaintiffs' Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**